The record reflects that appellant waived his right to trial by jury and entered a plea of guilty before the court after having been duly admonished as to the consequences of such plea. He entered into sworn, written stipulations of evidence wherein he confessed to the commission of the offense. He expressly waived the appearance, confrontation and cross-examination of witnesses and consented to the introduction of testimony by affidavits, written statements of witnesses and other documentary evidence. The stipulations were signed by the appellant and sworn to before the clerk and introduced into evidence.

The foregoing is sufficient to constitute a "judicial confession" and to support the plea of guilty under the requirements of Article 1.15, Vernon's Ann.C.C.P. See, e. g., Valdez v. State, Tex.Cr.App., 479 S.W. 2d 927; Bridges v. State, Tex.Cr.App., 479 S.W.2d 48; Rose v. State, Tex.Cr.App., 465 S.W.2d 147.

The judgment is affirmed.

ishment was assessed by the court at ten years.

This case was tried on the same date as Glover v. State, Tex.Cr.App., 486 S.W. 2d 783 (This day decided.) The same ground of error is urged in this case, i.e., the evidence is insufficient to support the plea of guilty.

The exact same procedure was followed herein as was in Glover v. State, supra, and herein we also hold that the judicial confession is sufficient to support the plea of guilty. See Glover v. State, supra, and cases cited therein.

It is noted in the instant case that the judgment and sentence entered, through an obvious clerical error, show the appellant as having been found guilty of the offense of felony theft instead of the offense of receiving and concealing stolen property of the value of over $50.00 of which he was found guilty in this case. Therefore, the judgment and sentence are ordered reformed and corrected to show the offense as receiving and concealing corporeal personal property of the value of over $50.00, knowing the same to have been stolen.

As reformed, the judgment is affirmed.

**Jerry Wayne GLOVER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45924.**

Court of Criminal Appeals of Texas.

Oct. 25, 1972.

Rehearing Denied Dec. 6, 1972.

**Monty JORDAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45995.**

Court of Criminal Appeals of Texas.

Oct. 25, 1972.

Rehearing Denied Dec. 6, 1972.

OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of receiving and concealing stolen property of the value of over $50.00. Pun-