**Charlie R. RUMPH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 52560.**

Court of Criminal Appeals of Texas.

April 6, 1977.

896

Terry L. Belt, Austin, for appellant.

Joe Carroll, Dist. Atty., Troy C. Hurley, Asst. Dist. Atty., Belton, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

Appellant was convicted for aggravated assault on a peace officer. V.T.C.A., Penal Code Sec. 22.02(a)(2). His punishment, enhanced under V.T.C.A., Penal Code Sec. 12.-42(a), was assessed at fifteen years' imprisonment and a five thousand dollar fine.

Appellant's sole ground of error alleges that the indictment and the judgment are defective. Appellant urges that the indictment is defective because it charged him as an habitual criminal but only alleged one prior conviction. See, V.T.C.A., Penal Code Sec. 12.42(d). Appellant also maintains that the judgment is defective because it states he is an habitual criminal. He contends that there is no proof to substantiate this statement in the judgment.

We do not agree with these assertions. First, the indictment alleges one prior conviction for purposes of V.T.C.A., Penal Code Sec. 12.42(a), which provides:

"(a) If it be shown on the trial of a third-degree felony that the defendant has been once before convicted of any felony, on conviction he shall be punished for a second-degree felony."

Aggravated assault under Sec. 22.-02(a)(2), supra, is a third-degree felony. The prior conviction was alleged in the indictment in order to enhance punishment to that authorized for a second-degree felony.

The back of the indictment, or the endorsement, states that the offense is:

"Aggravated Assault on a Peace Officer (Habitual Offender)."

The charging part of the indictment, however, makes no allegation that appellant is an habitual offender. The indictment is not defective nor has it prejudiced the appellant.

The judgment and sentence, however, will be reformed. Both recite that the appellant is guilty of the offense of:

"Aggravated Assault on a Peace Officer (Habitual)."

Appellant claims that there is insufficient proof to show that he was an habitual offender. The State, by indictment, sought enhancement of punishment as a repeat offender (Sec. 12.42(a), supra) rather than as an habitual offender (Sec. 12.42(d), supra).

The judgment and sentence reflect that the appellant was punished for a second-degree felony and that the court assessed the penalty. The judgment does not recite that

the prior conviction was proved, but entries on the docket sheet demonstrate that the court found that the prior conviction alleged for enhancement was established by the State.

■■ When a defendant's punishment is enhanced under Sec. 12.42(a), supra, the judgment and sentence should so reflect. The record in the case at bar, however, is sufficient to show that the allegation of appellant's prior conviction was found to be true. The judgment and sentence are ordered reformed to reflect this finding. See, e. g., *Antwine v. State*, Tex.Cr.App., 518 S.W.2d 830; *Rivas v. State*, Tex.Cr.App., 496 S.W.2d 600; *Penix v. State*, Tex.Cr.App., 488 S.W.2d 86; *Glover v. State*, Tex.Cr.App., 486 S.W.2d 784.

As reformed, the judgment is affirmed.