Donald Grady HOWELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 54048.

Court of Criminal Appeals of Texas,
Panel 1.

April 12, 1978.

Charles W. Tessmer and Ronald L. Goranson, Dallas, on appeal only, for appellant.

Tom O'Connell, Dist. Atty. and Verla Sue Holland, Asst. Dist. Atty., McKinney, for the State.

Before TOM G. DAVIS, DALLY and W. C. DAVIS, JJ.

OPINION

W. C. DAVIS, Judge.

The appellant was indicted for the offense of aggravated robbery, V.T.C.A., Penal Code, Sec. 29.03(a)(2), committed on February 15, 1975. He was represented by retained counsel at trial. Trial was held before a jury in the 199th District Court on January 26, 1976. He was found guilty of the primary offense, pled true to the enhancement paragraph, and punishment was assessed by the jury at fifteen years imprisonment in the Texas Department of Corrections, pursuant to V.T.C.A., Penal Code, Sec. 12.42(c). Appellant's motion for new trial was denied and he was sentenced on February 6, 1976, at which time notice of appeal was given. We affirm.

Nine grounds of error are presented; however, appellant has withdrawn ground of error one.

In ground of error two, appellant contends that the language in the court's charge, that appellant had "set up" the defense of alibi, was a comment on the weight of the evidence. No objection was made at trial and it is now raised as fundamental error.

The complained-of portion of the charge read:

"A defense *set up* by the defendant in this case is what is known as an 'alibi' . . . ." (Emphasis added)

It is his position that, as used in the charge, the phrase "set up" implies that the court believed that the defense of alibi raised by appellant was manufactured and without basis in fact.

■ Although responding to a different argument, this Court in *Williams v. State,* 155 Tex.Cr.R. 370, 235 S.W.2d 166 (1950), approved the same wording in the charge, with the further observation:

". . . We fail to see how the jury could have been misled, or how they could have failed to have comprehended the law on the subject of alibi."

Reviewing the charge as a whole, appellant's rights were adequately protected, Art. 36.19, Vernon's Ann.C.C.P.; *Pittman v. State,* 554 S.W.2d 190 (Tex.Cr.App.1977). Absent an objection, nothing is presented for review. *Rummel v. State,* 509 S.W.2d 630 (Tex.Cr.App.1974).

Ground of error two is overruled.

■ In ground of error three, appellant urges that the trial court committed fundamental error in failing to limit evidence of prior convictions for impeachment purposes only. No such limiting charge was requested and no objection to the admission of such was made. Nothing is presented for review. Arts. 36.14, 36.15, 36.19, 38.29, Vernon's Ann.C.C.P.; *Smith v. State,* 455 S.W.2d 282 (Tex.Cr.App.1970); *Paul v. State,* 544 S.W.2d 668 (Tex.Cr.App.1976).

Ground of error three is overruled.

In ground of error four, the appellant argues that the trial court committed fundamental error by submitting an abstract charge on the law of alibi. There was no trial objection.

■ The last sentence of the court's charge on alibi clearly instructed the jury to apply the law to the facts:

". . . Now, if you have a reasonable doubt as to the presence of the defendant at the place where the offense was committed, if an offense was committed, at the time of the commission thereof, then you will find the defendant not guilty."

■ Appellant's only suggestions to alleviate the "abstraction" is to add his name in apposition to "defendant" and to include the date. These suggested additions were contained in the charge as given, when considered as a whole. *Mathis v. State,* 504 S.W.2d 448 (Tex.Cr.App.1974). Absent an objection, nothing is presented for review.

Ground of error four is overruled.

In ground of error five, appellant contends that the jury charge at the punishment stage "was so abstract, indefinite and non-directive in nature, that, even though the jury apparently gave him the minimum sentence available, it deprived him of a fair trial." There was no trial objection to the court's charge.

The trial court's punishment charge consisted of two paragraphs. The first paragraph recited that the jury had convicted the appellant of aggravated robbery; the second, the range of punishment pursuant to V.T.C.A., Penal Code, Sec. 12.42(c). The verdict forms gave the jury two choices; life or a term of years. The jury assessed punishment at fifteen years.

■■■ Here there was no issue as to the validity of the enhancement paragraph. Appellant pled true, entered into a written stipulation that he was the same named person previously convicted as alleged, and made no objection to the introduction of the convictions. His rights were adequately protected by the charge. Error, if any, was waived by his failure to request the desired instructions and failure to object to the charge as given. Arts. 36.14, 36.15, 36.19, Vernon's Ann.C.C.P.; *Peterson v. State,* 508 S.W.2d 844 (Tex.Cr.App.1974).

Ground of error five is overruled.

Closely related to ground of error five is ground of error nine. It is appellant's position that fundamental error was committed by the trial court in accepting a verdict non-responsive to the allegations in the indictment, as it does not indicate whether they found the enhancement paragraph to be true, or whether the enhancing conviction formed a basis for the conviction. There was no objection at trial.

■■■ As said earlier, the validity of the enhancement allegation was not in issue. There was no need to submit its validity for the jury's consideration. Arts. 37.01, 37.-07(1)(a), and 37.07(3)(b), Vernon's Ann.C.

C.P. The verdict, when read in connection with the indictment and the court's charge, is responsive. *Pennington v. State,* 364 S.W.2d 376 (Tex.Cr.App.1962).

■■■ We are, however, sympathetic to appellant's claim that, although he was apparently punished in accordance with the enhancement statute, he would be unable to prove it in a later proceeding. Therefore, the judgment and sentence will be reformed to reflect that his punishment was enhanced pursuant to V.T.C.A., Penal Code, Sec. 12.42(c) with the use of the prior felony conviction No. C–70–4148–LI for passing a worthless check over $50 in Criminal District Court No. 2 of Dallas County, April 14, 1971. Art. 44.24, Vernon's Ann.C.C.P.; *Rumph v. State,* 548 S.W.2d 895 (Tex.Cr.App.1977).

Ground of error nine is overruled.

In ground of error six, appellant argues that the enhancement paragraph of the indictment is fundamentally defective, as it is vague, indefinite, and incomprehensible. There was no trial objection.

After alleging the primary offense, the indictment alleges a prior conviction for passing a worthless check, giving the offense, the date of conviction, the number of the case, and the court in which the conviction was rendered. This is followed by the introductory portion of what, presumably, would be the second paragraph of an habitual indictment. V.T.C.A., Penal Code, Sec. 12.42(d). The appellant is named; however, no other offense is alleged. The indictment concludes regularly.

■■■ He concedes that the error is probably typographical but claims that "since the language used· leaves the meaning of the indictment unclear, error is shown." It is difficult to see how he could have been misled. Both the primary offense and the prior conviction were set forth in plain and intelligible language. Inasmuch as the trial judge admonished the appellant of the consequences of his plea,

whereupon the enhancement paragraph was re-read and he persisted in his plea of true before the jury, how could it be said he was not able to know what he was called upon to defend? Art. 21.11, Vernon's Ann.C.C.P. There was no pretrial motion to quash the indictment, nor motion to strike the enhancement paragraph at trial. Nothing is presented for review. Art. 21.19, Vernon's Ann.C.C.P; *Jiminez v. State*, 552 S.W.2d 469 (Tex.Cr.App.1977); *Johnson v. State*, 456 S.W.2d 917 (Tex.Cr.App.1970).

Ground of error six is overruled.

In ground of error seven, the appellant urges that the trial court committed fundamental error by permitting the State to mislead the jury as to the range of punishment. There was no trial objection.

The district attorney properly voir dired the jury panel as to the range of punishment for first-degree felony. V.T.C.A., Penal Code, Sec. 12.32. In questioning the prospective jurors, he carefully pointed out that he was not attempting to influence their judgment of the case, but simply inquiring if they could consider the full range of punishment in the proper case.

■ Appellant argues that as there was a prior conviction alleged, the district attorney should have also voir dired the panel as to the possible minimum penalty of fifteen years imprisonment. V.T.C.A., Penal Code, Sec. 12.42(c). He states that, "It would appear evident that it is possible to inquire of the prospective jurors as to whether or not they could consider a minimum range of punishment as low as five years, or as high as fifteen years under the appropriate facts, and not inform the panel of prior convictions." No authority is cited by appellant requiring such questioning and we have found none. No objection was made and there is no showing of harm.

Ground of error seven is overruled.

■ In ground of error eight, appellant contends that he was denied effective assistance of counsel. He bases this contention upon his retained counsel's failure to object to matters previously considered, and additionally, that his trial counsel allowed him to plead true to an impeaching conviction which he did not remember having committed. This contention is unsupported by the record.

■ Appellant's constitutional right to counsel, appointed or retained, does not mean errorless counsel, and the competency or adequacy of his representation is not to be judged by hindsight. That other counsel might have tried the case differently does not show inadequate representation, and that adequacy will be viewed in light of the totality of the representation. Effectiveness of retained counsel must be gauged by whether or not there was willful conduct without a defendant's knowledge which amounts to a breach of legal duty. *Williams v. State*, 549 S.W.2d 183 (Tex.Cr.App. 1977); *Hunnicutt v. State*, 531 S.W.2d 618 (Tex.Cr.App.1976).

■ Retained trial counsel competently conducted voir dire of the jury panel, cross-examined the State's witnesses, and presented appellant's defense. Considering that the State sought a life sentence and that appellant received the minimum punishment for an enhanced first-degree felony conviction after being positively identified by two witnesses, it seems especially apparent that not only did appellant's counsel breach no legal duty owed, but also rendered him reasonable effective assistance of counsel. *Harrison v. State*, 552 S.W.2d 151 (Tex.Cr.App.1977); *Ex parte Gallegos*, 511 S.W.2d 510 (Tex.Cr.App.1974).

Ground of error eight is overruled.

Ground of error nine has been previously overruled.

The judgment as reformed is affirmed.