Richard Allen CAIN, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–81–506–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 4, 1982.

Emmett Moore, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before MILLER, MORSE and JAMES, JJ.

MILLER, Justice.

This is an appeal from a conviction for aggravated rape under Section 21.03, Tex. Penal Code Ann. (Vernon 1974). Trial was to a jury, which assessed punishment at sixty (60) years confinement in the Texas Department of Corrections, as a result of an enhancement for a prior felony conviction. Appellant raises this appeal claiming fundamental error below; finding none, we affirm.

Through his single ground of error appellant maintains the trial court committed fundamental error in submitting a charge at the punishment phase of trial that (1) failed to instruct the jury on the available ranges of punishment, and (2) authorized a punishment not provided for by the Penal Code. First, appellant asserts the jury charge at the punishment phase of trial only instructed the jury on the range of punishment it was authorized to assess if it found the enhancement portion of the indictment was true ("not more than 99 years or less than 15 years," § 12.42(c)). The charge, however, failed to instruct the jury on the range of punishment had they found appellant had no prior felony conviction ("not more than 99 years or less than 5

years," § 12.32(a)). Because of this omission, claims appellant, the jury was only able to assess the greater punishment based on a finding of enhancement, and this "slanted wording" prejudiced his rights and denied him a fair trial.

We disagree. While the omission of the lesser range of punishment from the jury charge amounted to court error, the error cannot be seen as fundamental. Therefore, without an objection to the charge during trial, we cannot reverse. *Boles v. State*, 598 S.W.2d 274 (Tex.Cr.App.1980).

The rule concerning fundamental error in a court's charge is well established. Reading the charge as a whole, it must be determined whether the error was calculated to injure the rights of the defendant, or whether he was denied a fair and impartial trial. *Thomas v. State*, 599 S.W.2d 812 (Tex.Cr.App.1980); *Cumbie v. State*, 578 S.W.2d 732 (Tex.Cr.App.1979); Tex.Code Crim.Pro.Ann. art. 36.19 (Vernon 1981). No such injury or deprivation existed in this case. Appellant testified in his own behalf during trial. On cross-examination, appellant admitted to his prior felony conviction and to his confinement in the Texas Department of Corrections for four years. Therefore, appellant's own in-court admission made the now complained of omission from the charge harmless.

We see this situation as analogous to the case of *Howell v. State*, 563 S.W.2d 933 (Tex.Cr.App.1978). There, the Court of Criminal Appeals held that where a defendant pled true to the enhancement portion of the indictment, errors concerning the range of punishment could not be fundamental. *Id.* at 936. In a like manner, since appellant admitted to the prior felony conviction, the absence of the lesser punishment range in the charge did not injure his rights so as to deny him a fair and impartial trial.

The law is also clear that where, as in this case, no objection is made to a court's charge and fundamental error does not exist, the judgment cannot be reversed. *Boles v. State*, 598 S.W.2d 274 (Tex.Cr.App. 1980); *Harris v. State*, 522 S.W.2d 199 (Tex.

Cr.App.1975). Appellant's failure to object to the court's charge at the punishment stage waived all later errors. *Daniels v. State*, 527 S.W.2d 549 (Tex.Cr.App.1975).

In a like manner, appellant's second claim does not raise a fundamental error situation. Appellant additionally claims the trial court erred in instructing the jury it could assess a $10,000 fine when such is not provided by § 12.42(c) of the Penal Code. While appellant is correct in his reading of the statute, we see no harm by this error in absence of an objection. The verdict form given the jury did not provide for a fine in addition to confinement in the Texas Department of Corrections. The jury was therefore not authorized to impose a fine, and did not do so. Any error in this aspect of the charge cannot be said to have injured the rights of appellant or to have deprived him of a fair and impartial trial. *Thomas v. State, supra.* Since no fundamental error exists, the lack of an objection at trial renders any error harmless. *Boles v. State, supra.*

Appellant's ground of error is overruled and the judgment of the trial court is affirmed.