Michael Leroy ZENON, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–83–044 CR.

Court of Appeals of Texas,
Beaumont.

Sept. 14, 1983.

Douglas Barlow, Beaumont, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

## OPINION

DIES, Chief Justice.

Appellant was convicted of burglary and a repeated offense in a trial to the Court. The Court assessed punishment at fifty years in the Texas Department of Corrections and appellant now appeals from his conviction and sentence to this Court.

Ground of error number one reads:

"There is a fatal variance between the judgment and the actual proceedings."

The judgment in this cause is incorrect. It recites that appellant plead guilty to the charge, and was admonished as required in *TEX.CODE CRIM.PROC. art. 26.-13* (Vernon Supp.1982–1983). The true situation is set out in the statement of facts and the docket sheet: appellant plead not guilty and, after a presentation of the evidence, was found guilty by the Court. This, of course, creates a variance but one which this Court may reform. *Knight v. State,* 581 S.W.2d 692, 694 (Tex.Cr.App.1979); *Harris v. State,* 630 S.W.2d 774, 776 (Tex. App.—Houston 1982, no writ). Accordingly, the judgment is hereby reformed to state as follows:

"The Defendant, having waived the right of trial by jury in person and in writing

in open court (such waiver being with the consent and approval of the Court and now entered of record on the minutes of the Court, and such waiver being with the written consent and approval of the District Attorney and filed in the papers of this cause), was arraigned and, in open court, plead not guilty to the charge contained in the indictment."

This ground of error is overruled.

 Appellant in ground of error two states:

"Appellant was convicted of 'A‑ Repeated Offense' which is not an offense."

Of course, appellant is correct that there is no such offense as "A Repeated Offense." The indictment contained an enhancement allegation which the trial court found to be true—in fact, appellant admitted to it. When a defendant's punishment is enhanced, the judgment should so reflect. *Howell v. State,* 563 S.W.2d 933, 936 (Tex. Cr.App.1978); *Rumph v. State,* 548 S.W.2d 895 (Tex.Cr.App.1977). There is no harmful error here. *See Walker v. State,* 361 S.W.2d 376 (Tex.Cr.App.1962). This ground of error is overruled.

 Appellant's final ground of error asserts that the evidence was insufficient to support the conviction of burglary of a habitation. The contention is that the evidence was insufficient to establish that appellant's entry was without the consent of the owner. At the time of the trial the owner of the house was deceased and, of course, did not testify. The lack of effective consent to enter may be established circumstantially. *Taylor v. State,* 508 S.W.2d 393, 397 (Tex.Cr.App.1974). The owner and a lady friend were walking near his home on the night of the occurrence. The friend testified, without objection, that the deceased noted a light on in his house and asked her to call the police, which she did. When the police arrived, they found appellant seated in the house. When asked, he admitted he was burglarizing the house. He later signed a written confession. Want of consent by the owner was proven. *See 20 TEX.JUR.3d, Criminal Law § 913 at 75* (1982). This ground of error is overruled.

The judgment of the trial court is Affirmed.

Affirmed.