MITCHELL V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-426-CR

DWAYNE MITCHELL APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted appellant Dwayne Mitchell of knowingly possessing between one and four grams of a controlled substance, namely cocaine, and assessed his punishment at twelve years’ confinement as a repeat offender.  The trial court sentenced him accordingly. 

In his first point, appellant contends
 that the jury charge was fundamentally defective because it authorized the jury to enhance his maximum sentence but did not require the jury to find that he pled true to the enhancement.  
In his second point, appellant contends that the trial court erred by stating in the judgment that appellant pled true to the enhancement allegation.  We affirm.

On April 5, 2004, the State indicted appellant for possession of cocaine between one and four grams; the indictment included a repeat offender notice.  Appellant pled “guilty,” pled “true” to the enhancement allegation, and the jury heard punishment evidence.  The primary offense, a third-degree felony, carried a penalty range of two to ten years and a maximum fine of $10,000.  
Tex. Health & Safety Code Ann.
 § 481.115(c) (Vernon 2003); 
Tex. Penal Code Ann
.
 § 12.34 
(Vernon 2003)
.  The enhancements increased appellant’s penalty range to two to twenty years and a maximum fine of $10,000. 
 Tex. Penal Code Ann
.
 §§ 12.33, 12.34, 12.42(
a
)(3) 
(Vernon 2003 & Supp. 2006)
.  

Prior to the beginning of the punishment hearing, appellant pled “true” to the enhancement allegation after the trial court read it to the jury.
(footnote: 2)  The State then introduced appellant’s four prior felony convictions and one prior misdemeanor conviction.  At the conclusion of the punishment trial, the trial court read the jury charge to the jury; the charge did not include an enhancement paragraph, but included the enhancement punishment range.  Appellant lodged only one objection to the charge, which was unrelated to his claim on appeal.

In his first point, appellant contends that the jury charge was fundamentally defective because it authorized the jury to sentence him to up to twenty years for a third-degree felony without finding that appellant pled true to the enhancement when the maximum sentence allowed for a third-degree felony (without enhancements) is only ten years.

The trial court’s punishment charge was complete absent a paragraph directing the jury to find appellant’s enhancement charge as “true.”  Even though the jury charge did not include the enhancement paragraph, it did include the correct range of punishment for the primary offense and the enhancement.  
Tex. Penal Code Ann.
 § 12.42(a)(3); 
see Howell v. State
, 563 S.W.2d 933, 936 (Tex. Crim. App. [Panel Op.] 1978).  The jury, in accordance with the charged penalty range, assessed punishment at twelve years.  
See 
Tex. Penal Code Ann
.
 §§ 12.33, 12.34, 12.42(
a
)(3)
.  Appellant claims he suffered egregious harm because of this error by receiving a twelve-year sentence when the jury should have sentenced him to ten years or less. 

In 
Harvey v. State
, 611 S.W.2d 108, 112 (Tex. Crim. App.) (op. on reh’g), cert. denied, 454 U.S. 840 (1981), the Texas Court of Criminal Appeals held that the validity of an enhancement allegation need not be submitted to the jury when there is no dispute concerning its validity.  
See also Howell
, 563 S.W.2d at 936 (same); 
Washington v. State
, 59 S.W.3d 260, 264 (Tex. App.—Texarkana 2001, pet. ref’d) (same); 
Vance v. State
, 970 S.W.2d 130, 133 (Tex. App.—Dallas 1998, no pet.) (same).  In this case, appellant pled “true” before the jury to the enhancement allegation and, without objection, the trial court accepted his plea.  The State also admitted appellant’s prior offense record without objection, and no party presented evidence questioning the validity of the enhancement allegation.  As in 
Harvey
, the validity of the enhancement allegation was not in issue.  
See Harvey
, 611 S.W.2d at 112.  Accordingly, there was no need for the trial court to submit the undisputed issue to the jury. 
 See id. 
 We overrule appellant’s first point.  

In his second point, appellant argues that the trial court committed fundamental error by accepting a verdict that was not responsive to the allegations in the indictment because the jury never indicated whether it found the enhancement paragraph to be true. 

The validity of the enhancement paragraph was never in issue.  Because appellant pled “true” to the enhancement allegation, the trial court could have properly instructed the jury to answer “true” to the enhancement paragraph had it been included.  
Chandler v. State
, 21 S.W.3d 922, 923 (Tex. App.—Houston [14th Dist.] 2000, no pet.); 
Urbano v. State
, 808 S.W.2d 519, 523 (Tex. App.—Houston [14th Dist.] 1991, no pet.).  Therefore, there was no need to submit it for the jury’s consideration.  
Tex. Code Crim. Proc. Ann.
 arts. 37.01, 37.07, §§ 1(a), 3(b) (Vernon 2006); 
see Howell
, 563 S.W.2d at 936.  The verdict, when read in connection with the indictment and the court’s charge, is thus responsive.  
See Howell
, 563 S.W.2d at 936; 
Vance
, 970 S.W.2d at 133.  Accordingly, we overrule appellant’s second point.  

 Having overruled appellant’s points, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: LIVINGSTON, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b) 

DELIVERED: November 30, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Although appellant contends in his brief that he never pled “true” before the jury, the record shows that he did.