COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-426-CR

 

 

DWAYNE MITCHELL                                                            APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

A jury convicted appellant
Dwayne Mitchell of knowingly possessing between one and four grams of a
controlled substance, namely cocaine, and assessed his punishment at twelve
years= confinement as a repeat offender. 
The trial court sentenced him accordingly. 








In his first point, appellant
contends that the jury charge was fundamentally defective because it authorized
the jury to enhance his maximum sentence but did not require the jury to find
that he pled true to the enhancement.  In
his second point, appellant contends that the trial court erred by stating in
the judgment that appellant pled true to the enhancement allegation.  We affirm.

On April 5, 2004, the State
indicted appellant for possession of cocaine between one and four grams; the
indictment included a repeat offender notice. 
Appellant pled Aguilty,@ pled Atrue@ to the enhancement allegation, and the jury heard punishment
evidence.  The primary offense, a
third-degree felony, carried a penalty range of two to ten years and a maximum
fine of $10,000.  Tex. Health & Safety Code Ann. ' 481.115(c) (Vernon 2003); Tex.
Penal Code Ann. ' 12.34 (Vernon 2003).  The enhancements increased appellant=s penalty range to two to twenty years and a maximum fine of $10,000.  Tex.
Penal Code Ann. '' 12.33, 12.34, 12.42(a)(3) (Vernon 2003 & Supp.
2006).  








Prior to the beginning of the
punishment hearing, appellant pled Atrue@ to the
enhancement allegation after the trial court read it to the jury.[2]  The State then introduced appellant=s four prior felony convictions and one prior misdemeanor
conviction.  At the conclusion of the
punishment trial, the trial court read the jury charge to the jury; the charge
did not include an enhancement paragraph, but included the enhancement
punishment range.  Appellant lodged only
one objection to the charge, which was unrelated to his claim on appeal.

In his first point, appellant
contends that the jury charge was fundamentally defective because it authorized
the jury to sentence him to up to twenty years for a third-degree felony
without finding that appellant pled true to the enhancement when the maximum
sentence allowed for a third-degree felony (without enhancements) is only ten
years.

The trial court=s punishment charge was complete absent a paragraph directing the jury
to find appellant=s
enhancement charge as Atrue.@  Even though the jury charge
did not include the enhancement paragraph, it did include the correct range of
punishment for the primary offense and the enhancement.  Tex.
Penal Code Ann. '
12.42(a)(3); see Howell v. State, 563 S.W.2d 933, 936 (Tex. Crim. App.
[Panel Op.] 1978).  The jury, in
accordance with the charged penalty range, assessed punishment at twelve
years.  See Tex. Penal Code Ann. '' 12.33, 12.34, 12.42(a)(3).  Appellant claims he suffered egregious harm
because of this error by receiving a twelve-year sentence when the jury should
have sentenced him to ten years or less. 








In Harvey v. State,
611 S.W.2d 108, 112 (Tex. Crim. App.) (op. on reh=g), cert. denied, 454 U.S. 840 (1981), the Texas Court of Criminal
Appeals held that the validity of an enhancement allegation need not be
submitted to the jury when there is no dispute concerning its validity.  See also Howell, 563 S.W.2d at 936
(same); Washington v. State, 59 S.W.3d 260, 264 (Tex. App.CTexarkana 2001, pet. ref=d) (same); Vance v. State, 970 S.W.2d 130, 133 (Tex. App.CDallas 1998, no pet.) (same). 
In this case, appellant pled Atrue@ before the
jury to the enhancement allegation and, without objection, the trial court
accepted his plea.  The State also
admitted appellant=s prior
offense record without objection, and no party presented evidence questioning
the validity of the enhancement allegation. 
As in Harvey, the validity of the enhancement allegation was not
in issue.  See Harvey, 611 S.W.2d
at 112.  Accordingly, there was no need
for the trial court to submit the undisputed issue to the jury.  See id.  We overrule appellant=s first point.  

In his second point,
appellant argues that the trial court committed fundamental error by accepting
a verdict that was not responsive to the allegations in the indictment because
the jury never indicated whether it found the enhancement paragraph to be true.









The validity of the
enhancement paragraph was never in issue. 
Because appellant pled Atrue@ to the
enhancement allegation, the trial court could have properly instructed the jury
to answer Atrue@ to the enhancement paragraph had it been included.  Chandler v. State, 21 S.W.3d 922, 923
(Tex. App.CHouston
[14th Dist.] 2000, no pet.); Urbano v. State, 808 S.W.2d 519, 523 (Tex.
App.CHouston [14th Dist.] 1991, no pet.). 
Therefore, there was no need to submit it for the jury=s consideration.  Tex. Code Crim. Proc. Ann. arts. 37.01,
37.07, '' 1(a), 3(b) (Vernon 2006); see Howell, 563 S.W.2d at 936.  The verdict, when read in connection with the
indictment and the court=s charge, is
thus responsive.  See Howell, 563
S.W.2d at 936; Vance, 970 S.W.2d at 133.  Accordingly, we overrule appellant=s second point.  

 Having overruled appellant=s points, we affirm the trial court=s judgment.

 

 

PER CURIAM

 

PANEL F:    LIVINGSTON, HOLMAN, and GARDNER, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)                                                                                       

DELIVERED:
November 30, 2006











[1]See Tex. R. App. P. 47.4.





[2]Although
appellant contends in his brief that he never pled Atrue@
before the jury, the record shows that he did.