COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| RAYMUNDO MELENDEZ, | § | No. 08-09-00225-CR |
| Appellant, | § | |
| | § | Appeal from the |
| v. | § | 168th District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20080D04159) |
| | § | |

**O P I N I O N**

Appellant, Raymundo Melendez, was convicted of possession of cocaine in an amount of 400 grams or more and sentenced to 22 years' imprisonment. On appeal, he challenges whether he committed a traffic offense, whether the statutes supporting the traffic offense allegedly observed by the officer are unconstitutional, whether he was subjected to an unreasonable and prolonged detention, and whether the trial court, during voir dire, improperly informed the jury of his prior conviction set out in the indictment. For the reasons that follow, we affirm.

**BACKGROUND**

On July 25, 2008, Officer Lionel Gutierrez was assisting with the arrest of various individuals, when he and his partner, Officer Robert Ontiveros, saw Appellant drive by, seemingly without a front license plate, which is a traffic violation.[1] Specifically, Officer Gutierrez noted that Appellant's front license plate was not mounted to the front of the vehicle as, he believed, was

_____

[1] *See* TEX. TRANSP. CODE ANN. § 502.404(a) (Vernon Supp. 2010) (providing that a person commits an offense if he operates a vehicle that does not display a license plate at the front and the rear of the vehicle).

required by law, but rather was laying on the dashboard.[2] He also observed another traffic offense – Appellant's rear license plate was obstructed, that is, there was a covering that rendered part of the license plate unreadable.[3] Accordingly, they requested another officer, Officer Rafael Espinoza, to initiate a traffic stop.

Once stopped, Officer Gutierrez approached Appellant, who seemed nervous. Aware of the high-crime activity in the immediate area, including the selling of narcotics, Officer Gutierrez, concerned for his safety, frisked Appellant. During the pat-down search, Officer Gutierrez found a large amount of money in Appellant's pockets. The money was tightly bound together in "pickle rolls," with the different denominations bound separately. Based on his experience, Officer Gutierrez suspected Appellant of selling or buying narcotics and requested consent to search his vehicle. When Appellant refused, a canine unit was requested.

Canine Officer Sergio Lopez arrived and his dog conducted an exterior sniff of the vehicle. The dog alerted to the passenger-side door, and inside, the dog alerted to the passenger-side floorboard. There, Officer Lopez located a black shoebox that contained cocaine.

## DISCUSSION

In Issues One, Two, and Three, Appellant, in essence, challenges the seizure of the cocaine from his car. Specifically, Appellant's first issue contends that the officer lacked reasonable suspicion or probable cause to conduct a traffic stop for a license-plate violation, and his second

---

[2] *See Spence v. State*, No. PD-1458-09, — S.W.3d —, 2010 WL 3564801, at *3-4 (Tex. Crim. App. Sept. 15, 2010) (not yet reported) (holding that placement of license plate on dashboard behind windshield does not comply with Section 502.404(a)'s requirement that the display of the license plate be at the "front" of the vehicle; rather, it must be displayed at the foremost part of the vehicle, which would most commonly be the front bumper).

[3] *See* TEX. TRANSP. CODE ANN. § 502.409(a)(7) (Vernon Supp. 2010) (providing that a person commits an offense if he attaches to or displays on a license plate insignia that coats, covers, or otherwise: "(A) distorts angular visibility or detectability; (B) alters or obscures one-half or more of the name of the state in which the vehicle is registered; or (C) alters or obscures the letters or numbers of the license plate number or the color of the plate").

issue alleges that even if the officer observed a license-plate violation, those statutes proscribing the offense are unconstitutional, facially and as applied. Appellant's third issue asserts that if the stop was valid, then the scope and duration of the stop was unduly prolonged without the requisite reasonable suspicion. We, however, do not reach the merits of any of these contentions as Appellant failed to preserve his complaints for our review.

The record reflects that although Appellant filed a motion to suppress the cocaine seized from the stop and obtained a ruling thereon, he affirmatively stated that he had "no objection" when the cocaine was admitted at trial.[4] As the Court of Criminal Appeals recently noted, a defendant cannot complain on appeal that evidence was illegally obtained if he affirmatively states that he has no objection to the seized evidence when it is offered at trial. *Holmes v. State*, 248 S.W.3d 194, 196 (Tex. Crim. App. 2008). Indeed, the affirmative acceptance of illegally seized evidence by stating "no objection" when the State introduces the same at trial, waives any error in its admittance. *See Jones v. State*, 833 S.W.2d 118, 126 (Tex. Crim. App. 1992), *cert. denied*, 507 U.S. 921, 113 S.Ct. 1285, 122 L.Ed.2d 678 (1993). Therefore, even if the stop was illegal, the offense statutes were unconstitutional, or the prolonged detention was unreasonable, because Appellant stated that he had no objection to the alleged illegally seized cocaine, i.e., the fruit of the poisonous tree, he waived any error, stemming from its seizure, when it was admitted at trial.[5] *See Holmes*, 248 S.W.3d at 196;

---

[4] Appellant's motion to suppress alleged that he was subjected to an illegal detention, an illegal arrest, and an illegal search in violation of the federal and state constitutions, and various statutory provisions. At the suppression hearing, Appellant informed the trial court that he wanted to suppress the cocaine, contending that he did not violate any traffic offenses and was therefore subjected to a pretext stop, and as a result, he was illegally detained and subjected to an illegal search and seizure. The trial court denied the motion to suppress, finding that Appellant's vehicle was missing the front license plate in violation of state law.

[5] Appellant asserts that his statutory constitutional challenges may still be raised on appeal. However, Appellant's assertion is contrary to the law. *See Saldano v. State*, 70 S.W.3d 873, 887 (Tex. Crim. App. 2002) (noting that even constitutional rights may be forfeited by failure to object). Moreover, we note that Appellant never raised his constitutional challenges to the traffic statutes in the trial court. Facial and as-applied constitutional challenges to a statute may not be raised for the first time on appeal. *See Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) (holding that facial challenges may not be raised for the first time on appeal); *Flores v.*

*Swain v. State*, 181 S.W.3d 359, 368 (Tex. Crim. App. 2005); *Moody v. State*, 827 S.W.2d 875, 889 (Tex. Crim. App. 1992). Finding Appellant's first three issues not preserved for our review, we overrule the same.

In Issue Four, Appellant alleges that the trial court abused its discretion by denying his motion for mistrial made in response to the judge's address to the jury. According to Appellant, the trial court, in violation of the Code of Criminal Procedure, alluded to his prior offense during voir dire by informing the venirepanel that the minimum punishment for the charged offense was fifteen years' imprisonment. We disagree.

A mistrial is appropriate only when the improper conduct was "so prejudicial that expenditure of further time and expense would be wasteful and futile." *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004) (citation omitted). It is required only in extreme circumstances when the prejudice is incurable. *Id*. Whether a mistrial was warranted lies within the trial court's discretion, and we, reviewing that decision for an abuse of discretion, will only reverse if the trial court's ruling lies outside the zone of reasonable disagreement. *Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007).

The indictment alleged a previous felony conviction for punishment-enhancement purposes.[6] Before voir dire, Appellant elected for the judge to assess punishment. Then, at the beginning of voir dire, the trial judge, in addressing the venirepanel, stated:

> In this case, the Defendant, Raymundo Melendez, who you just were introduced to,

---

*State*, 245 S.W.3d 432, 437 n.14 (Tex. Crim. App. 2008) (holding as-applied challenges may not be raised for the first time on appeal).

[6] The charged offense itself, possession of cocaine in an amount of 400 grams or more, is subject to imprisonment for a term of not less than 10 years or more than 99 years. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(D), 481.115(f) (Vernon 2010). When a prior felony conviction is alleged, the minimum punishment range increases, if that conviction is proven true, to 15 years. *See* TEX. PENAL CODE ANN. § 12.42(c)(1) (Vernon Supp. 2010).

is charged with the offense of possession of a controlled substance in penalty group one. That offense, in the State of Texas, is a first-degree felony, which is punishable in this specific case by confinement in the Texas Department of Criminal Justice, Institutional Division, for a period of not less than 15 years nor more than 99 years, or life, and a fine not to exceed $10,000.

Appellant objected to the comment, claiming that the court "outed the 15-year minimum" and "outed" his previous "pen trip" despite having "elected to go to the Judge for punishment specifically to keep that out of the jury box." Appellant further moved for a mistrial. The trial court denied the objection and mistrial motion.

Article 36.01 of the Code of Criminal Procedure prohibits the jury from being informed of a previous conviction alleged in the indictment for enhancement purposes, if that enhancement is not for jurisdictional purposes, before the punishment hearing. *See* TEX. CODE CRIM. PROC. ANN. art. 36.01(a)(1) (Vernon 2007). In those situations, the State and trial court may not comment that the defendant was previously convicted of a particular offense at a particular time and in a particular court. *Frausto v. State*, 642 S.W.2d 506, 508 (Tex. Crim. App. 1982); *Johnson v. State*, 901 S.W.2d 525, 532 (Tex. App. – El Paso 1995, pet. ref'd). The purpose, of course, is to prevent prejudice from an announcement at the beginning of the trial that the defendant was convicted of other specific crimes. *Frausto*, 642 S.W.2d at 508; *Hawkins v. State*, 792 S.W.2d 491, 496 (Tex. App. – Houston [1st Dist.] 1990, no pet.). However, the trial court and the State may still instruct the jurors on the range of punishment. *Williams v. State*, 668 S.W.2d 692, 701 (Tex. Crim. App. 1983), *cert denied*, 466 U.S. 954, 104 S.Ct. 2161, 80 L.Ed.2d 545 (1984). This applies even if the defendant elected for the trial judge to assess punishment as he can later change his election with the consent of the State. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 2(b) (Vernon Supp. 2010); *Hunt v. State*, 852 S.W.2d 278, 281 (Tex. App. – Dallas 1993, no pet.). And the jury panel can be informed of the enhanced range of punishment, so long as it is not told that the defendant has a prior conviction or told of

specific enhancement allegations in the defendant's indictment. *Frausto*, 642 S.W.2d at 509.

Here, the trial court merely informed the jury that the "offense," as charged, was punishable by a term of imprisonment of not less than 15 years or more than 99 years. The trial court did not directly inform the venire members that Appellant had been previously convicted of some offense or that the State was alleging a prior conviction. Nor would the venire members, unless familiar with the penal system, have surmised that there was a punishment enhancement based on the trial court's statement, much less that Appellant had a prior conviction. Thus, the trial court did not run afoul of article 36.01 or the rule announced in *Frausto*. *See Rushing v. State*, No. 08-05-00365-CR, 2007 WL 2405797, at *5 (Tex. App. – El Paso Aug. 23, 2007, pet. ref'd) (op, not designated for publication) (prosecutor's comment during voir dire that if a certain evidentiary showing is made, the minimum sentence is "bumped" up to 15 years did not violate *Frausto* as it did not inform the jurors that there was a prior conviction or even if it did, it did not state the specifics of the prior conviction); *Blunt v. State*, No. B14-92-00004-CR, 1992 WL 324605, at *3 (Tex. App. – Houston [14th Dist.] Nov. 12, 1992, no pet.) (op., not designated for publication) (concluding trial court did not abuse its discretion in denying mistrial despite court's comment during voir dire that "the range of punishment in this case is from 15 years to 99 years or life, with a possible $10,000 fine;" instruction addressed only the enhanced range of punishment and did not directly inform the jury that defendant had been convicted, that the State was alleging a conviction, or that the court had any particular opinion about the case).

Moreover, we believe that had Appellant requested and received an instruction to disregard, the prejudice, if any, caused by the comment would have been cured. *See Young v. State*, 137 S.W.3d 65, 70 (Tex. Crim. App. 2004) (holding that if a defendant requests a mistrial without asking for an instruction to disregard when the error could have been cured by such an instruction, reversal

is not warranted).  The vague statement uttered here was certainly not so damning as to make it impossible to remove the harmful impression from the potential jurors' minds with a curative instruction.  *See, e.g., Ovalle v. State*, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000) (stating that "[o]rdinarily, a prompt instruction to disregard will cure error associated with an improper question and answer, even one regarding extraneous offenses"); *Banks v. State*, 955 S.W.2d 116, 119 (Tex. App. – Fort Worth 1997, no pet.) ("The admission of an extraneous bad act or offense evidence may be cured by an instruction to disregard.").  Accordingly, we discern no abuse of discretion in the denial of Appellant's motion for mistrial.  Issue Four is overruled.

## REFORMATION

Finally, we note that at the conclusion of the punishment hearing, the trial court found the previous conviction alleged in the indictment for punishment enhancement to be true but that the written judgment reflects "N/A" as to the findings on the enhancement.  Such is a clerical error in the written judgment that we have the authority to reform.  *See* Tex. R. App. P. 43.2(b); *Howell v. State*, 563 S.W.2d 933, 936 (Tex. Crim. App. 1978).  Because the evidence necessary to correct the clerical error in the judgment appears in the record, we reform the trial court's written judgment to show a finding of "true" to the enhancement alleged in the indictment.  *See* Tex. R. App. P. 43.2(b); *Howell*, 563 S.W.2d at 936; *Almand v. State*, 536 S.W.2d 377, 379 (Tex. Crim. App. 1976) (reforming judgment and sentence to reflect enhancement of punishment by virtue of prior conviction).

## CONCLUSION

Having overruled Appellant's issues, we affirm the trial court's judgment as reformed.


GUADALUPE RIVERA, Justice

December 8, 2010

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)