

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| GUSTAVO RODRIGUEZ, | § | No. 08-11-00345-CR |
| Appellant, | § | Appeal from |
| v. | § | Criminal District Court No. 2 |
| THE STATE OF TEXAS, | § | of Tarrant County, Texas |
| Appellee. | § | (TC # 1254226R) |
| | § | |

## O P I N I O N

Gustavo Rodriguez appeals his conviction of felony driving while intoxicated. A jury found Appellant guilty and assessed his punishment at imprisonment for a term of eight years. We affirm.

### FACTUAL SUMMARY

On June 12, 2010 at approximately 9:30 p.m., Appellant entered a convenience store alone. The clerk on duty, Brittany Petty, knew Appellant because he came into the store about once a week. Petty was also familiar with the car Appellant drove and she had a direct view of the handicap parking space where Appellant had parked. Petty was busy with another customer, but she told Appellant not to park in the handicap parking space. Appellant replied that he had not parked in the handicap parking space and he would only be in the store a "second." In Petty's opinion, Appellant appeared to be intoxicated. After a few minutes, Petty saw a police

car pull up behind Appellant's car.

Gregory Fues is a police service assistant employed by the City of Arlington. He is not a police officer but functions as civilian patrol in support of patrol operations. Fues explained that a police service assistant handles certain types of calls, such as abandoned vehicles, and he takes reports so that the police officers are available for in-progress or emergency calls. He is also authorized to issue city ordinance tickets and handicap parking violations. Fues wears a uniform and drives a marked police vehicle. On June 12, 2010, he was on routine patrol when he saw a Nissan Maxima parked in a handicap parking space. Fues exited his car and saw that no one was in or around the Maxima. Fues determined that the car did not have credentials, such as a license plate or placard, that would allow it to be parked in the handicap space. As Fues began to write the citation, Appellant walked out of the store and Fues asked him whether the Nissan belonged to him. Appellant answered affirmatively and Fues spoke with him about the handicap parking violation. Appellant told Fues he did not know that he could not park in a handicap space. He also told Fues that he was the person who had parked the car there. Fues requested Appellant's driver's license and insurance card so that he could write the citation. While Appellant was getting those items, Fues noticed that Appellant was losing his balance and his speech was slurred. After concluding Appellant might be intoxicated, Fues called for additional units to investigate. Arlington police officers arrived and took over the investigation.

Officer Nathan Bishop was dispatched to the convenience store at approximately 9:41 p.m. and he arrived a few minutes later. Bishop spoke with Fues and Brittany Petty before talking to Appellant who was seated on the curb next to his car. His eyes were red and bloodshot and Bishop could smell an odor of an alcoholic beverage on his breath. Appellant told Bishop he had drunk four beers at around 10 p.m. that evening. Because it was still just a few minutes

before 10, Bishop asked Appellant what time he thought it was. Appellant thought it was between midnight and 1 a.m. Bishop asked Appellant to stand up so he could talk to him face-to-face. Appellant had trouble with his balance and he used his car to steady himself. Bishop asked Appellant why he had parked in the handicap parking space and Appellant replied that he did not know. Appellant also said that he was alone. Appellant never told Bishop that he was not the driver of the vehicle. Bishop performed the horizontal gaze nystagmus test and determined that Appellant showed the clues indicating he was intoxicated. He next asked Appellant to perform the walk and turn field sobriety test. Appellant failed the test because he did not follow instructions and he lost his balance. Appellant refused to perform any more tests. Bishop placed Appellant under arrest for driving while intoxicated. Appellant spontaneously told Bishop that he could not be arrested for driving while intoxicated because he was driving earlier but he was out of the car by the time Bishop got there. Bishop transported Appellant to the hospital for a blood test to determine his blood alcohol concentration. The test revealed the blood alcohol concentration was .26.

## TEN DAYS TO PREPARE

In his first issue, Appellant argues that the trial court erred by failing to give him ten days to prepare for trial after re-indictment. The trial court appointed counsel to represent Appellant on January 4, 2011. A grand jury returned an indictment against Appellant on May 13, 2011 (cause number 1223108D). A grand jury re-indicted Appellant on September 16, 2011 (cause number 1254226R) and trial began on September 27, 2011. The new indictment alleged two additional prior DWI convictions. The trial court granted the State's motion to dismiss cause number 1223108D on September 30, 2011 because the case had been re-indicted. Pursuant to Article 1.051(e), appointed counsel is entitled to ten days to prepare for a proceeding. TEX.CODE

CRIM.PROC.ANN. art. 1.051(e)(West Supp. 2013). Appellant asserts that counsel was not appointed in the new cause number until September 20, 2011, but the record reflects that the trial court appointed the same attorney who had been representing Appellant in the original cause number. Thus, appointed counsel had eleven days to prepare for trial following the re-indictment. Issue One is overruled.

## VOID JURISDICTIONAL ENHANCEMENT

In Issue Two, Appellant contends that the State improperly used a void jurisdictional enhancement paragraph. The indictment alleged that Appellant had four prior DWI convictions. At the beginning of trial, Appellant and the State entered into a written stipulation to the first and second. In exchange, the State abandoned use of the third and fourth as jurisdictional enhancements. In accordance with that agreement and stipulation, the State read only the first and second enhancement paragraphs to the jury at the beginning of trial. The prosecutor read the following stipulation to the jury:

> Now comes the State of Texas by and through the undersigned Assistant District Attorney of Tarrant County, Texas, together with GUSTAVO RODRIGUEZ, Defendant, in the above styled and numbered cause and his attorney, DANNY PITZER, and enter into the following stipulation of evidence:
>
> 1. That the Defendant, Gustavo Rodriguez, on the 14th day of June 2002, in the County Court at Law of Henderson County, Texas, in Cause Number 011229CL, was convicted of the offense of Driving While Intoxicated. Defendant, Gustavo Rodriguez, further stipulates that said conviction became final prior to the commission of the above-styled offense date. Defendant admits that he is one and the same person.
>
> 2. That the Defendant Gustavo Rodriguez, on the 9th day of November, 2004, in the County Court at Law of Henderson County, Texas, in Cause Number 031613CL, was convicted of the offense of Driving While Intoxicated 2nd. Defendant, Gustavo Rodriguez, further stipulates that said conviction became final prior to the commission of the above-styled offense date. Defendant admits that he is one and the same person.
>
> The State of Texas, the Defendant, Gustavo Rodriguez, and his attorney, Danny

Pitzer, hereby agree and stipulate to all of the above facts. All parties agree that this Stipulation of Evidence can be admitted into evidence and used for all purposes without objection from either party. The Defendant, Gustavo Rodriguez, also waives his right to confront and cross-examine the witnesses on the described facts.

The stipulation is signed by the assistant district attorney, Appellant, and his appointed counsel.

Appellant's complaint on appeal relates to the second prior conviction stipulated to by Appellant and the State. In a felony DWI case, the prior DWI convictions are elements of the offense, and like the other elements of the offense must be proven beyond a reasonable doubt. *Gibson v. State*, 995 S.W.2d 693, 696 (Tex.Crim.App. 1999). As noted by the State, it is unclear from Appellant's brief whether he is attempting to challenge the admissibility of the prior conviction or if he is attempting to attack the sufficiency of the evidence to prove this element of the offense. To the extent Appellant is challenging the admissibility of the prior conviction, that complaint is waived because Appellant did not object in the trial court and he stipulated to the prior conviction. *See Howell v. State*, 563 S.W.2d 933, 936 (Tex.Crim.App. 1978).

In the event Appellant intended to raise a legal sufficiency complaint, Appellant's stipulation to the existence of the prior convictions is a judicial admission which removed the need for the State to provide proof of the prior convictions. *See Bryant v. State*, 187 S.W.3d 397, 402 (Tex.Crim.App. 2005). A stipulation waives a defendant's "right to contest the absence of proof on the stipulated elements." *Bryant*, 187 S.W.3d at 401. Having stipulated to the existence of the prior conviction, Appellant is precluded from challenging the sufficiency of the evidence supporting this element of the offense. *See Bryant*, 187 S.W.3d at 400-02 (by stipulating to two prior convictions for driving while intoxicated (DWI), defendant waived any right to contest the absence of proof on stipulated element in prosecution for felony DWI; he could not argue that the State failed to prove its case on an element to which he had stipulated).

Issue Two is overruled.

## INEFFECTIVE ASSISTANCE

In his third issue, Appellant argues that he was deprived of the effective assistance of counsel at trial. He alleges two instances of deficient performance: (1) counsel failed to pursue a motion to suppress Appellant's statements; and (2) he failed to file a motion to quash the jurisdictional enhancement paragraph. The State responds that the record is inadequate to review the ineffective assistance of counsel claim. We agree.

Both the United States and the Texas Constitutions guarantee an accused the right to assistance of counsel. U.S. CONST. amend. VI; TEX.CONST. art. I, § 10; TEX.CODE CRIM.PROC.ANN. art. 1.05 (West 2005). This right includes the right to reasonably effective assistance. *Strickland v. Washington*, 466 U.S. 668, 683-86, 104 S.Ct. 2052, 2062, 80 L.Ed.2d 674 (1984). In *Strickland*, the Supreme Court set forth the standard of review for evaluating claims of ineffective assistance of counsel. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. The two-prong *Strickland* test requires Appellant to show that: (1) counsel's performance fell below an objective standard of reasonableness, and (2) counsel's performance prejudiced his defense. *Id*. Prejudice requires a showing that, but for counsel's unprofessional error, there is a reasonable probability that the result of the proceeding would have been different. *Id*.; *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex.Crim.App. 2002); *Vasquez v. State*, 830 S.W.2d 948, 949 (Tex.Crim.App. 1992). Reasonable probability is defined as a "probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

Appellant has the burden to prove ineffective assistance of counsel by a preponderance of the evidence. *Jackson v. State*, 973 S.W.2d 954, 956 (Tex.Crim.App. 1998). In analyzing a claim for ineffective assistance, we begin with the strong presumption that counsel was

competent. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999). Appellant must overcome the presumption that counsel's conduct falls within the wide range of reasonable, professional assistance, and that, under the circumstances, the challenged action might be considered sound trial strategy. *Thompson*, 9 S.W.3d at 814. Counsel's action or inaction will be found to be reasonable if the record is silent as to the facts, circumstances, or rationale behind a particular course of action. *Id.*

Appellant did not raise his ineffective assistance of counsel allegations in a motion for new trial. Consequently, the record is silent with respect to counsel's rationale for not pursuing the motion to suppress and for not filing a motion to quash the second jurisdictional enhancement paragraph. For this reason alone, Appellant's ineffective assistance of counsel claim fails.

*Failure to Pursue Motion to Suppress*

Trial counsel filed a motion to suppress Appellant's statements made to law enforcement officers at the scene on several grounds, including that he was in custody, his statements were involuntary and coerced, he was deprived of the right to counsel, the statements were tainted by his illegal arrest, and he was not provided with the warnings required by *Miranda*[1] and Article 38.22 of the Code of Criminal Procedure. Appellant argues there is no valid trial strategy for not pursuing the motion to suppress but trial counsel could have concluded that a motion to suppress would have been unsuccessful. First, Appellant's argument assumes all of his statements were the product of custodial interrogation but the record does not support that assertion. He was not in custody for purposes of *Miranda* or Article 38.22 during his initial conversation with Fues about the handicap parking violation, or during the subsequent encounter with Officer Bishop

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

- 7 -

prior to his arrest. *See Berkemer v. McCarty*, 468 U.S. 420, 440, 104 S.Ct. 3138, 3150, 82 L.Ed.2d 317 (1984); *Pennsylvania v. Bruder*, 488 U.S. 9, 10-11, 109 S.Ct. 205, 206-07, 102 L.Ed.2d 172 (1988).

Second, Appellant's statement to Bishop after being placed under arrest was not shown to be the product of custodial interrogation. Custodial interrogation occurs when a person in custody is subjected to direct questioning or its functional equivalent, which occurs when police officers engage in conduct that they know is likely to elicit an incriminating response. *Rhode Island v. Innis*, 446 U.S. 291, 300-01, 100 S.Ct. 1682, 1689-90, 64 L.Ed.2d 297 (1980). This definition of "interrogation" focuses "primarily upon the perceptions of the suspect, rather than the intent of the police." *Moran v. State*, 213 S.W.3d 917, 923 (Tex.Crim.App. 2007), *citing Innis*, 446 U.S. at 301, 100 S.Ct. 1682, 64 L.Ed.2d 297 (subjective intent of police officer to obtain incriminating statement not relevant to determining whether an interrogation has occurred). Off-hand remarks not designed to elicit any kind of response do not constitute interrogation. *Innis*, 446 U.S. at 303, 100 S.Ct. at 1691. There is no evidence in the record that Appellant made his statement in response to direct questioning or its functional equivalent.

Third, there is no evidence that Appellant's statements were involuntary or coerced. Fourth, there is no evidence to support a conclusion that Appellant's arrest was illegal. For all of these reasons, Appellant failed to carry his burden of proving by a preponderance of the evidence that counsel's performance was deficient.

*Failure to File Motion to Quash*

Appellant also alleges that counsel should have filed a motion to quash the second enhancement paragraph. Even if we assume for the sake of argument that the enhancement paragraph is subject to being quashed, Appellant does not address *Strickland's* requirement that

he show that, but for counsel's unprofessional error, there is a reasonable probability that the result of the proceeding would have been different. To establish prejudice resulting from counsel's failure to file a motion to quash, Appellant must show that neither of the other two prior convictions could have been used by the State to enhance the offense to a felony. The indictment alleged that Appellant had two other prior DWI convictions. Records establishing both of those prior convictions were admitted during the punishment phase. We conclude that Appellant has failed to prove ineffective assistance of counsel. Issue Three is overruled.

## INSUFFICIENT EVIDENCE

In his final issue, Appellant challenges the sufficiency of the evidence supporting his conviction. More specifically, he contends that the evidence failed to prove beyond a reasonable doubt that he was the driver of the vehicle.

### *Standard of Review*

The legal sufficiency standard articulated in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), is the only standard a reviewing court applies in determining whether the evidence is sufficient to support a conviction. *Brooks v. State*, 323 S.W.3d 893, 894-95 (Tex.Crim.App. 2010). Under the *Jackson* standard, a reviewing court must consider all evidence in the light most favorable to the verdict and in doing so determine whether a rational justification exists for the trier of fact's finding of guilt beyond a reasonable doubt. *Brooks*, 323 S.W.3d at 894-95, *citing Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789. The trier of fact is the sole judge as to the weight and credibility of witness testimony, and therefore, on appeal we must give deference to those determinations. *See Brooks*, 323 S.W.3d at 894-95. If the record contains conflicting inferences, we must presume the trier of fact resolved such facts in favor of the verdict and defer to that resolution. *Id*. On appeal, we serve only to ensure the trier of fact

reached a rational verdict. *Id*. We may not reevaluate the weight and credibility of the evidence produced at trial and in so doing substitute our judgment for that of the fact finder. *King v. State*, 29 S.W.3d 556, 562 (Tex.Crim.App. 2000).

A person commits the offense of driving while intoxicated if the person is intoxicated while operating a motor vehicle in a public place. TEX.PENAL CODE ANN. § 49.04(a)(West Supp. 2013). The Penal Code does not define the term "operate." *Denton v. State*, 911 S.W.2d 388, 389 (Tex.Crim.App. 1995); *Barton v. State*, 882 S.W.2d 456, 458-59 (Tex.App.--Dallas 1994, no pet.). The Court of Criminal Appeals has held that a person operates a vehicle when the totality of the circumstances demonstrates "that the defendant took action to affect the functioning of his vehicle in a manner that would enable the vehicle's use." *Denton*, 911 S.W.2d at 390.

Appellant is correct that the State did not present the testimony of any witnesses who observed him drive the car. But it did offer Appellant's statements and circumstantial evidence from which it can be inferred that he operated the vehicle. The convenience store clerk saw Appellant walk into the store alone and observed his car parked in the handicap space. She told him that he could not park in there. He did not deny driving the car but insisted that he was not parked in the handicap space and that he would only be in the store for a short time. Appellant told Fues that he parked in the handicap spot and claimed he did not know that he couldn't do so. He also told Fues that he was the person who had parked there. Bishop asked Appellant why he had parked in the handicap space and Appellant replied that he didn't know. He said he was at the store alone and never told anyone that he wasn't the driver. After being placed under arrest for driving while intoxicated, Appellant told Bishop that he could not be arrested for driving while intoxicated because he had been driving earlier, but he had gotten out of the car by the time Bishop arrived, and therefore, he could only be arrested for public intoxication.

- 10 -

Viewing all of the evidence in the light most favorable to the verdict, the jury could have rationally found beyond a reasonable doubt that Appellant was operating a motor vehicle at the time of the accident. *See Onyekachi v. State*, No. 05-12-00519-CR, 2013 WL 3487736 at *2-3 (Tex.App.--Dallas July 10, 2013, no pet.)(evidence sufficient to prove defendant operated vehicle where defendant, who was alone, admitted to officer that he had parked the vehicle). Issue Four is overruled. Having overruled each issue presented on appeal, we affirm the judgment of the trial court.

December 4, 2013

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)