**Byron Glen HOWARD, Appellant,**

v.

**STATE of Texas, State.**

**Nos. 2–88–048–CR, 2–88–049–CR and 2–88–050–CR.**

Court of Appeals of Texas, Fort Worth.

March 23, 1989.

Michael S. Griffin, Cleburne, for appellant.

Tim Curry, and C. Chris Marshall, Criminal Dist. Attys., Chief of Appellate Section, Terri Moore, Lynn Clanton, and Betty Stanton, Asst. Criminal Dist. Attys., for the State.

Before HILL, LATTIMORE and MEYERS, JJ.

OPINION

LATTIMORE, Justice.

Appellant, Byron Glen Howard was charged with assault with bodily injury, criminal mischief, and criminal trespass. TEX.PENAL CODE ANN. secs. 22.01, 28.-

03, 30.05 (Vernon 1989). Howard received a sentence of six months confinement in the Tarrant County Jail for each of the three offenses and a total of $5000 in fines after a jury verdict of guilty on each offense.

We affirm.

In his first point of error, Howard contends the trial court abused its discretion by advising counsel for the State how to introduce the defendant's fingerprints. The State tried to introduce a photocopy of the defendant's fingerprints and Howard objected. The court and counsel had three separate off-the-record discussions while the State was trying to get the fingerprints admitted into evidence. Howard objected the trial judge counseled the State how to conduct its case, violating his right to an impartial judge. The trial judge indicated he called the counsel to the bench because he was not certain whether Howard had made a proper objection to the introduction of the fingerprints, but he was still concerned the fingerprints might not be admissible. The trial judge went on to explain he would allow the State to take Howard's fingerprints during the recess.

■ A trial judge should be impartial and should not take sides with either party. *Silva v. State*, 635 S.W.2d 775, 778 (Tex. App.—Corpus Christi 1982, pet. ref'd). However, the judge is allowed to manage the trial, including the order of proof. *Id.; see also Betancourt v. State*, 657 S.W.2d 451, 456 (Tex.App.—Corpus Christi 1983, pet. ref'd) (trial judge may ask questions to clarify witness' testimony).

■ In this case, it is debatable whether Howard stated a specific, proper objection to the admission of the fingerprints. The trial judge believed he faced a situation where the State was trying to introduce inadmissible evidence while Hanson failed to make a proper objection. We cannot say the trial court abused its discretion in suggesting a procedure acceptable to the court which would resolve the situation. *Compare Betancourt*, 657 S.W.2d at 456 (suggestion made outside presence of jury is not reversible error). Howard's first point of error is overruled.

■ In his second point of error, Howard contends the trial court erred in reforming the verdict in a manner not authorized by statute. Howard was charged with criminal mischief in destroying property between $20 and $200 in value (a door). This is a class B misdemeanor punishable by 180 days in jail and a fine of $1,000. TEX.PENAL CODE ANN. sec. 12.22 (Vernon 1974). The jury assessed punishment at 180 days and a fine of $2,000. The trial court reformed the verdict to reflect a sentence of 180 days and a fine of $1,000.

If the jury assesses punishment in a case and in the verdict assesses both punishment that is authorized by law for the offense and punishment that is not authorized by law for the offense, the court shall reform the verdict to show the punishment authorized by law and to omit the punishment not authorized by law. If the trial court is required to reform a verdict under this subsection and fails to do so, the appellate court shall reform the verdict as provided by this subsection.

TEX.CODE CRIM.PROC.ANN. art. 37.-10(b) (Vernon Supp.1989). Howard contends the trial court should have reformed the verdict to omit the entire fine instead of reforming the verdict to include the $1,000 fine authorized by law. In other words, Howard contends the trial court did not have the authority to divide the $2,000 fine assessed by the jury into $1,000 which was authorized by law and $1,000 which was not. Howard has not cited any authority for this position. We do not believe the legislature intended punishment, whether fine or imprisonment, should be reduced to nothing when the jury assessed punishment in excess of that allowed by law. The obvious intent of article 37.10(b) is to authorize the court to reduce the punishment to that which is allowed by law. Howard's second point of error is overruled.

The judgment is affirmed.