Rhonda VANCE, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–96–01767–CR.

Court of Appeals of Texas, Dallas.

May 15, 1998.

W. Mark Montgomery, George Parker & Associates, McKinney, for Appellant.

Mitchell R. Nolte, Collin County District Attorney, for State.

Before LAGARDE, KINKEADE and CHAPMAN, JJ.

## OPINION

LAGARDE, Justice.

Rhonda Vance appeals her jury conviction for driving while intoxicated (DWI), en-

hanced by a prior DWI conviction. Pursuant to an erroneous jury charge on punishment, the jury assessed punishment at 730 days' confinement and a $2000 fine. The trial court entered judgment on the jury's verdict. Following a motion for new trial hearing, the trial court reformed the judgment and sentenced appellant to 365 days in jail and a $2000 fine. Appellant brings one point of error, with two subpoints, contending that the trial court erred by: (1) not declaring the jail term void; and (2) incorrectly considering an enhancement paragraph without a finding from the jury that the enhancement allegation was true or instructing the jury to find the enhancement allegation true. We overrule the point of error and affirm the trial court's judgment.

## BACKGROUND

The State charged appellant by information with DWI committed on February 4, 1995, enhanced by a prior DWI conviction. Appellant pleaded not guilty. A jury found appellant guilty of DWI. Appellant pleaded true to the allegation of having been previously convicted of DWI. Noting that, based on appellant's plea of true, the enhancement allegation was true as a matter of law, the trial court did not submit the validity of the enhancement allegation to the jury or instruct the jury to find the enhancement allegation true. The punishment charge instructed the jury that the range of punishment was "confinement in the county jail for at least fifteen days but not more than 730 days and a fine in any amount of at least $300.00 but not more than $2,000.00." [1] Appellant did not object to the charge. The jury assessed the maximum punishment authorized by the charge: 730 days in jail and a $2000 fine. The trial court sentenced appellant according to the jury's verdict.

Appellant filed a motion in arrest of judgment and a motion for new trial asserting that the trial court submitted the wrong range of punishment to the jury. The correct range of punishment was a fine not to

exceed $4000, confinement in the county jail for fifteen days to one year, or both confinement and a fine. *See* Tex. Penal Code Ann. § 12.21 (Vernon 1994) (range of punishment for class A misdemeanor); Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3697 (when defendant has been previously convicted once of DWI, DWI is punished as class A misdemeanor with minimum of fifteen days in jail), *amended by* Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 21, 1995 Tex. Gen. Laws 2734, 2742 (now codified at Tex. Penal Code Ann. § 49.09(a) (Vernon Supp.1998)). Following a hearing on the motions, the trial court reformed the judgment to assess punishment at 365 days' confinement and a $2000 fine and sentenced appellant accordingly.

Appellant brings one point of error, with two subpoints, contending the trial court erred by improperly reforming the judgment after the incorrect range of punishment was submitted to the jury.

## REFORMATION OF THE JUDGMENT

■ In her first subpoint, appellant contends the trial court erred in reforming the judgment to 365 days in jail. Appellant argues that, under article 37.10 of the code of criminal procedure, the trial court should have reformed the judgment to delete the term of confinement entirely instead of reducing it to 365 days.

Article 37.10(b) provides:

If the jury assesses punishment in a case and in the verdict assesses both punishment that is authorized by law for the offense and punishment that is not authorized by law for the offense, *the court shall reform the verdict to show the punishment authorized by law and to omit the punishment not authorized by law.* If the trial court is required to reform a verdict under this subsection and fails to do so, the appellate court shall reform the verdict as provided by this subsection.

---

1. This was the correct range of punishment for DWI, with a prior DWI conviction, committed before September 1, 1994. *See* Act of May 27, 1983, 68th Leg., R.S., ch. 303, § 3, 1983 Tex.

Gen. Laws 1568, 1574, *repealed by* Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.15, 1993 Tex. Gen. Laws 3586, 3704.

TEX.CODE CRIM. PROC. ANN. art. 37.10(b) (Vernon Supp.1998) (emphasis added). Appellant and the State have conflicting interpretations of the phrase, "the court shall reform the verdict to show the punishment authorized by law and to omit the punishment not authorized by law." Appellant interprets the phrase to mean that the trial court should leave the $2000 fine in place because it was punishment authorized by law and delete the 730-day jail term entirely because it was punishment not authorized by law. The State interprets the phrase to mean that the trial court should leave the $2000 fine in place and reduce the jail term to 365 days, thereby "reform[ing] the verdict to show the punishment authorized by law."

Appellant relies on *Ex parte Johnson*, 697 S.W.2d 605 (Tex.Crim.App.1985), in support of her argument. In *Johnson*, the defendant was tried for aggravated robbery enhanced by a prior conviction. The defendant was sentenced to fifty years' confinement and a $10,000 fine. *Id.* at 606. At that time, a fine could not be imposed on an enhanced offense. *Id.* The court of criminal appeals determined that the $10,000 fine was void. Applying article 37.10(b), the court reformed the judgment in the enhanced offense to delete the unauthorized fine. *Id.* at 608. Appellant asserts that *Johnson* is on point with this case because it involved a situation where the punishment was partially void. We disagree. *Johnson* is distinguishable because this case involves excessive punishment, while *Johnson* involved the imposition of a prohibited form of punishment, namely, a fine in any amount. Thus, *Johnson* does not assist us in determining whether an excessive jail term must be reduced to bring it within the statutory limits. *See id.* at 606.

■ A more factually analogous case is *Howard v. State*, 766 S.W.2d 907 (Tex.App.— Fort Worth 1989, no pet.). In *Howard*, the appellant was convicted of criminal mischief, a class B misdemeanor. *Id.* at 908. The maximum punishment was 180 days in jail and a $1000 fine. The jury assessed the appellant's punishment at 180 days in jail and a $2000 fine. Over the defendant's objection, the trial court reformed the judgment to 180 days in jail and a $1000 fine. On appeal, the appellant argued article 37.10(b) only permitted the trial court to delete the entire fine and not to divide the $2000 fine into $1000 that was authorized by law and $1000 that was not. *Id.* The Fort Worth court stated,

> We do not believe the legislature intended punishment, whether fine or imprisonment, should be reduced to nothing when the jury assessed punishment in excess of that allowed by law. The obvious intent of article 37.10(b) is to authorize the court to reduce the punishment to that which is allowed by law.

*Id.* We agree with the Fort Worth court's analysis.

Applying *Howard* to the facts of this case, we conclude that the trial court did not err in reforming the judgment to show a punishment authorized by law and within the jury's punishment verdict.[2] We overrule appellant's first subpoint.

## ENHANCEMENT

■ In her second subpoint, appellant contends the trial court erred in assessing an enhanced punishment without a finding from the jury that the allegation of the enhancement paragraph was true or instructing the jury to return a finding of true.

During the punishment phase of the trial, the prosecutor read the enhancement paragraph in court before the jury. Appellant pleaded true to the enhancement allegation. The trial court stated, "The Court accepts the plea of true and finds the allegations based upon that are true as a matter of law." The prosecutor offered the record of the previous conviction into evidence, which the trial court admitted without objection from appellant. Appellant and the State rested and closed the evidence for the punishment phase. The trial court presented the punish-

---

2. In this case, the trial court was correct to reform the judgment to the maximum jail term permitted by law because the jury evidenced its intent to assess the maximum punishment by assessing the maximum punishment permitted by the erroneous jury charge. We make no holding regarding the appropriate remedy when the jury does not assess the maximum punishment authorized by the jury charge.

ment charge to the parties for their objections. The charge neither instructed the jury to find the enhancement paragraph true nor required the jury to determine the truth of the allegation in the enhancement paragraph. Each side stated it had no objection to the charge.

The validity of an enhancement allegation need not be submitted to the jury when there is no dispute concerning its validity. *Howell v. State*, 563 S.W.2d 933, 936 (Tex.Crim.App. [Panel Op.] 1978). In this case, appellant pleaded true to the enhancement allegation and, without objection, the trial court stated it found the enhancement allegation "true as a matter of law." The record of the previous conviction was admitted without objection, and no evidence was presented raising a question regarding the validity of the enhancement allegation. As in *Howell*, the validity of the enhancement allegation was not in issue. Accordingly, there was no need for the trial court to submit the undisputed issue to the jury. We overrule appellant's second subpoint and her sole point of error.

We affirm the trial court's judgment.