Andrew **LOREDO**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 14–98–01343–CR.

Court of Appeals of Texas, Houston (14th Dist.).

March 29, 2001.

Rehearing Overruled May 24, 2001.

Jonathan Munier, Houston, for appellant.

S. Elaine Roch, Houston, for appellee.

Panel consists of Justices DRAUGHN, MAURICE E. AMIDEI, and HUTSON–DUNN.*

## OPINION

JOE L. DRAUGHN, Justice (Assigned).

Andrew Loredo appeals from his conviction for murder. The jury ultimately assessed punishment at 20 years imprisonment and a $10,000 fine. On appeal, Loredo contends that the trial court erred: (1) in denying his motion for new trial because one of the jurors was determined to have been absolutely disqualified from service, and (2) in refusing to reform the verdict when the jury originally returned with an unauthorized sentence.

### Background

Loredo was indicted for murder on December 8, 1997. Jury selection for trial began on October 13, 1998, at which time prospective jurors were asked to complete a juror information form. Panel member William Kneer answered on the card that he had never been an accused, a complainant, or a witness in a criminal case. During voir dire, the trial judge told the panel

that if they had ever been convicted of a crime they were automatically disqualified from jury service. The prosecuting attorney then specifically asked the panel, and had each juror affirmatively state, whether they had ever been convicted of a crime. Kneer again denied his criminal record.

An investigation undertaken by defense counsel at the conclusion of the case revealed that Kneer had actually plead guilty in 1990 to misdemeanor theft and evading arrest. He received jail time for the theft and a fine and deferred adjudication for evading arrest. At the hearing on the motion for a new trial, Kneer admitted to his criminal record and to the fact that he misrepresented himself to the court. Kneer said that he was under the impression that the offenses had been removed from his record and therefore would not disqualify him to sit on the jury.

At the conclusion of the trial, the jury found Loredo guilty of murder and then returned with a sentence of 20 years confinement, a recommendation of community service, and a $10,000 fine. The trial judge rejected the sentence and sent the jury back for further deliberations with the admonishment to follow the charge and the applicable law. Loredo asked the court to reform the judgment to reflect a lawful punishment, but the judge denied the request. He then requested a mistrial, which the trial court also denied. The jury went back into deliberations with a clean verdict form and, minutes later, returned with a sentence of 20 years imprisonment and a $10,000 fine.

### Analysis

**Juror Disqualification**

▆ Loredo first contends that the trial court erred in denying his motion for new

* Senior Justices Joe L. Draughn and D. Camille Hutson Dunn, and Former Justice Maurice

Amidei sitting by assignment.

trial because juror William Kneer was determined to have been previously convicted of theft. A theft conviction is an absolute disqualification for jury service. *See* TEX.CODE CRIM. PROC. ANN. Art. 35.19 (Vernon 1989). However, when the disqualification of a juror is not discovered until after the verdict was entered the case can be reversed on that ground on appeal only if the defendant makes a showing of significant harm resulting from the service of the disqualified juror. *Id.* at 44.46(2).[1]

In the present case, the absolute disqualification of juror Kneer was not discovered until after the verdict was entered. Article 44.46(2) therefore applies, and the trial court was correct in requiring a showing of significant harm. On appeal, Loredo does not contend that the trial court erred in failing to find that significant harm resulted from Kneer's service on the jury. Instead, Loredo's contention is that Article 44.46(2)'s requirement of a showing of significant harm is unconstitutional under Article XVI, § 2, of the Texas Constitution.[2]

 In attacking the constitutionality of a statute, a criminal defendant must demonstrate that the application of the statute is unconstitutional in his or her case. *Santikos v. State*, 836 S.W.2d 631, 633 (Tex.Crim.App.1992). The fact that the statute might be unconstitutional as applied to someone else or on other facts will not invalidate the statute's use against the defendant. *Id.* That being said, the

interpretations arrived at by other courts, which have analyzed the constitutionality of the same statute, can be instructive.

The Texas Court of Criminal Appeals reviewed the constitutionality of Article 44.46(2), as it applied to a particular defendant, in *Perez v. State*, 11 S.W.3d 218 (Tex.Crim.App.2000). In *Perez*, as here, the defendant contended that the article was in conflict with Article XVI, § 2, of the Texas Constitution. That provision states, in relevant part: "Laws shall be made to exclude from office, *serving on juries,* and from the right of suffrage, those who may have been or shall hereafter be *convicted of bribery, perjury, forgery, or other high crimes.*" TEX. CONST. art. XVI, § 2 (emphasis added).

It is clear from the court's analysis in *Perez* that Article 44.64 cannot even potentially conflict with Art. XVI, § 2, of the constitution, in any particular case, unless the offense committed by the juror is considered a "high crime." *See Perez,* 11 S.W.3d at 221. In determining what can constitute a high crime, the high court applied *ejusdem generis,* which is a rule of statutory construction that says when a general word follows an enumeration of specific things, the meaning of the general word should be confined to things of the same kind. *See Id.* The definition of "high crimes," therefore, needs to be harmonized with the more specific terms in the provision, "bribery, perjury, [and] forgery,"

---

1. **Art. 44.46 Reversal of Conviction on the Basis of Service on Jury by a Disqualified Juror**

 A conviction in a criminal case may be reversed on appeal on the ground that a juror in the case was absolutely disqualified from service under Article 35.19 of this code only if:

 (1) the defendant raises the disqualification before the verdict is entered; or

 (2) the disqualification was not discovered or brought to the attention of the trial court

until after the verdict was entered and the defendant makes a showing of significant harm by the service of the disqualified juror.

2. The State initially suggests that Loredo waived the constitutionality argument by not raising it in the trial court. Article 44.46, however, specifically addresses the standard for appellate review. Loredo, therefore, may raise the issue for the first time on appeal.

such that the term is limited to "criminal conduct which demonstrates the same type of moral corruption and dishonesty inherent in the specified offenses." *Id*, at 221.

In the present case, Kneer plead guilty to misdemeanor theft under $50.[3] We are, therefore, presented with the question of whether misdemeanor theft is a high crime, i.e. that it exhibits the same level of moral corruption and dishonesty associated with bribery, perjury, and forgery. We hold that it does not.[4]

While certainly not wanting to condone or trivialize the effects of petty theft, it must be noted that such theft is frequently the result of spur-of-the-moment impulses or compulsions or even of pranks or dares. It certainly does not require or evidence the kind of planning, the dishonesty, the moral turpitude, or the disdain for our laws and institutions intrinsic to bribery, perjury, and forgery, and even higher levels of theft. Misdemeanor theft is therefore clearly not a "high crime" under the Court of Criminal Appeals interpretation of Article XVI of the Texas Constitution.[5]

It is clear, under the guidelines set forth by the Texas Supreme Court, that there is no conflict between Article 44.46 of the Code of Criminal Procedure and the Article XVI, § 2, of the Texas Constitution under the facts of this case. The statutory provision is not unconstitutional as applied to this defendant. Accordingly, we overrule Loredo's first point of error.[6]

**Unauthorized Verdict**

■ In his second point of error, Loredo contends that the trial court erred in refusing to reform the verdict when the jury originally returned with an unauthorized sentence. After deliberations, the jury returned a verdict of twenty years confinement and a recommendation of community supervision,[7] which was clearly

---

3. Kneer explained to the court that the crime in question involved stealing a case of beer.

4. In *Hernandez v. State*, 952 S.W.2d 59 (Tex. App.—Austin 1997), *vacated on other grounds*, 957 S.W.2d 851 (Tex.Crim.App.1998), a case cited in Appellant's brief, the court assumed for the sake of its analysis that misdemeanor theft was a high crime but did not actually decide the issue. Instead, the court based its affirmance on the fact that the juror in question had only been accused and not convicted of misdemeanor theft. We further note that the *Hernandez* case was published before the Court of Criminal Appeals decision in *Perez*.

5. Justice Holland's concurring opinion in *Perez*, which was joined by two other justices, interpreted "high crimes" as used in Art. XVI, § 2, as including all felonies. *See Perez*, 11 S.W.3d at 225. By definition, misdemeanor theft is not a felony.

The other concurrence in *Perez*, by Justice Keller, argued in favor of holding Article 44.46(2) constitutional in its entirety. Justice Keller points out that Article XVI, § 2, does not expressly prohibit the empaneling of any person as a juror, but simply empowers the legislature to do so and provides significant leeway to the legislature in setting the parameters of such laws. *Perez*, 11 S.W.3d at 223.

6. During oral argument, Loredo's counsel made an additional contention regarding the constitutionality of Article 44.46 in light of Rule 606(b) of the Texas Rules of Evidence, which restricts the ability of a juror to testify regarding any matter occurring during jury deliberations. Counsel made an interesting argument suggesting that if a juror could not be called on to testify then the burden of demonstrating harm, as required in Article 44.46, would be insurmountable. We do not address this issue, however, because Loredo did not attempt to elicit testimony from a juror only to have that request refused by the trial court. Any potential conflict between these provisions, therefore, did not occur in this case and thus nothing was preserved for our review. *See Santikos*, 836 S.W.2d at 633 (statute must be shown to be unconstitutional in its application to particular defendant).

7. The jury originally answered as follows, with the italicized characters representing the portion handwritten by the jury:

We, the jury, having found the defendant guilty of murder and having made a nega-

not authorized by the charge or applicable law. The charge informed the jury that they could recommend community supervision only if they assessed punishment at ten years or less. Article 42.12(4)(d)(1) of the Code of Criminal Procedure states that a defendant is not eligible for community supervision if he or she is sentenced to a term of imprisonment that exceeds ten years. TEX.CODE CRIM. PROC. ANN. art. 42.12(4)(d)(1) (Vernon Supp.2000).

Loredo requested that the court reform the verdict, utilizing Article 37.10(b) of the Code of Criminal Procedure, to impose a valid sentence, i.e. ten years confinement with a recommendation of community service. The court denied this request and Loredo moved for a mistrial, which the trial court also denied.

Article 37.10(b) states as follows:

If the jury assesses punishment in a case and in the verdict assesses both punishment that is authorized by law for the offense and punishment that is not authorized by law for the offense, the court shall reform the verdict to show the punishment authorized by law and to omit the punishment not authorized by law. If the trial court is required to reform a verdict under this subsection and fails to do so, the appellate court shall reform the verdict as provided by this subsection.

*Id.* at 37.10(b). This article has, in fact, been used by courts to reform punishment down to an authorized term when the assessed punishment exceeded the maximum allowed by law. *See, e.g., Vance v. State,* 970 S.W.2d 130, 132 (Tex.App.—Dallas 1998, no pet.)(730 day jail term reduced to 365 days); *Howard v. State,* 766 S.W.2d 907, 908 (Tex.App.—Fort Worth 1989, no pet.)(fine of $2,000 reduced to $1,000).

The circumstances in the present case, however, are not so simple. Here, the jury filled in a blank form with a term of twenty years. The twenty years confinement assessed by the verdict would have been an acceptable sentence standing alone. *See* TEX. PEN.CODE ANN. § 12.32 (Vernon 1994). But the recommendation of community supervision on the twenty year term failed to comply with the terms of the charge or the applicable law on community supervision. Upon receiving the unauthorized verdict, the trial court was faced with the issue of whether the jury would have preferred to sentence Loredo to twenty years incarceration or ten years of community supervision.[8] Rather than guessing at the jury's preference and reforming the verdict, the trial judge allowed them to correct their mistake by sending them back for further deliberations with a clean jury charge. The jury returned minutes later with a sentence of 20 years confinement and no recommendation for commu-

---

tive finding to the special issue, assess his punishment at confinement in the institutional division of the Texas Department of Criminal Justice for *20* years and further find that the defendant has never before been convicted of a felony in this State or any other State and recommend community supervision of the sentence and assess a fine in the amount of *$10,000.* And we also recommend that the fine not be probated but paid.

8. The jury form allowed the jury to pick from a series of nine paragraphs that juggled options on life imprisonment, a specified term of

years of imprisonment, a finding on a special issue regarding "sudden passion," and the recommendation of community supervision. It is easy to see how the jury could have gotten confused. In their final, accepted verdict, the jury filled in the last paragraph of the first page. In their original verdict, the jury filled in the last paragraph of the second page. They may have simply filled in the wrong paragraph with the sentence terms that they meant to impose. We cannot tell from the record, and the trial judge could not know for sure either.

nity supervision. The cases approving of simply reforming the sentence did not have this confusion regarding community service; they simply had verdicts assessing greater punishment than allowed by the applicable law on punishment. *See Vance,* 970 S.W.2d at 132; *Howard,* 766 S.W.2d at 908.

A trial court may, in fact, send a jury back for renewed deliberations if the initial verdict does not comply with the submitted charge, the indictment, or the punishment allowed by the applicable statute. *See Muniz v. State,* 573 S.W.2d 792, 794 (Tex.Crim.App.1978); *Thomas v. State,* 812 S.W.2d 346, 348 (Tex.App.—Dallas 1991, pet. ref'd). *See also Reese v. State,* 773 S.W.2d 314, 317–18 (Tex.Crim.App.1989)(when jury returns conflicting jury form, trial court has a duty to send the jury back for further deliberations). Returning the jury to further deliberations was an appropriate remedy in this situation as the court could not otherwise have known the jury's true intentions. We further note that the trial court properly instructed the jury that the original verdict was void under the law and that they should refer to the charge for the applicable law. *See Levy v. State,* 818 S.W.2d 801, 802 (Tex.Crim.App.1991)(sentence not authorized by law is void). We find that the trial court acted properly in sending the jury back for additional deliberations after they returned with an unauthorized sentence.

Loredo alternatively contends under this point of error that the case should be reversed and remanded for a new hearing on punishment because the jury assessed greater punishment than the law allows. The jury initially assessed a sentence of 20 years community supervision. The Penal Code sets the range of punishment for a first degree felony at a minimum of five years and a maximum of 99 years incarcer-ation. TEX. PEN.CODE ANN. § 12.32(a) (Vernon 1994). By any measure of punishment, 20 years of community supervision is not "greater" than 99 years imprisonment. Loredo fails to make a cogent argument as to how this could be interpreted otherwise.

Furthermore, the case cited by Loredo under this contention, *Wilkerson v. State,* 927 S.W.2d 112 (Tex.App.—Houston [1st Dist.] 1996, no writ), ordered a reversal where the sentence in the judgment was greater than allowed by law. It did not address any issue relating to the jury verdict. Here, the trial court rightfully gave the jury a chance to correct its mistake. The sentence in the court's ultimate judgment, 20 years imprisonment and a $10,000 fine, is well within the range allowed by law. Accordingly, we overrule this point of error.

The trial court's judgment is hereby affirmed.