

# IN THE
# TENTH COURT OF APPEALS

### No. 10-11-00431-CR

**GERALD PERRY BAILEY,**

                                                                **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                **Appellee**

**From the 19th District Court
McLennan County, Texas
Trial Court No. 2011-1553-C1**

## MEMORANDUM  OPINION

In three issues, which can be categorized as two, appellant, Gerald Perry Bailey,

argues that the trial court erred in:  (1) accepting his guilty plea because the evidence in

support of the plea was insufficient with respect to article 1.15 of the Texas Code of

Criminal Procedure; and (2) instructing the jury that it could assess a maximum fine of

$20,000 and assessing a $15,000 fine.  *See* TEX. CODE CRIM. PROC. ANN. art. 1.15 (West

2005).  We affirm as modified.

# I. BACKGROUND

Bailey was charged by indictment with unlawful possession with intent to deliver methamphetamine in an amount greater than one gram but less than four grams in a drug-free zone, a second-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.112(c), 481.134(b) (West 2010 & Supp. 2011). Bailey pleaded guilty to the charged offense and went to the jury for punishment.[1]

Several witnesses, including Bailey, testified at the punishment hearing. At the conclusion of the hearing, the jury assessed punishment at fifteen years' incarceration in the Institutional Division of the Texas Department of Criminal Justice with a $15,000 fine. The trial court certified Bailey's right to appeal, and this appeal ensued.

# II. BAILEY'S GUILTY PLEA

In his first issue, Bailey argues that the trial court erred in accepting his guilty plea because the evidence in support of the plea was insufficient to comply with article 1.15 of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 1.15. The State responded that the trial court did not err "because the judicial confession was

---

[1] It is undisputed that the trial court initially took Bailey's guilty plea; however, after the jury was seated and before evidence was introduced, the State read the indictment in open court and Bailey pleaded guilty to the charged offense before the jury.

In addition, on November 7, 2011, Bailey signed a written judicial confession stating the following:

> With full understanding of the consequences, and having fully waived my Federal and State Constitutional rights against self-incrimination, under oath I agree and stipulate that the following facts constitute evidence in this case. I am pleading GUILTY because I am GUILTY of and JUDICIALLY CONFESS to the offense(s) as alleged in the INDICTMENT/INFORMATION, in violation of Texas law, and all lesser[-]included offenses thereof, exactly as alleged in the INDICTMENT/INFORMATION, or any modifications or amendments thereto. I stipulate that this offense was committed in McLennan County, Texas.

sufficient, there was other evidence to support the guilty plea, and Appellant waived any error by confessing during punishment." In his reply brief, Bailey recognizes that "[a] felony plea of guilty before the jury admits the existence of all elements necessary to establish guilty [sic], thereby precluding any argument on appeal regarding the sufficiency of the evidence." And as such, Bailey concedes that his argument in this issue "may not be well-taken."

When a defendant knowingly, intelligently, and voluntarily enters a plea of guilty, the traditional standard of review for sufficiency of the evidence does not apply. *Ex parte Martin*, 747 S.W.2d 789, 791 (Tex. Crim. App. 1988). A plea of guilty is an admission of guilt of the offense charged. *See, e.g., Roberts v. State*, No. 11-10-00201-CR, 2012 Tex. App. LEXIS 2693, at *1 (Tex. App.—Eastland Apr. 5, 2012, no pet. h.) (mem. op., not designated for publication). However, when a defendant pleads guilty before the trial court to a non-capital felony offense, a conviction is not authorized unless there is evidence offered to support such plea and the judgment to be entered. TEX. CODE CRIM. PROC. ANN. art. 1.15 ("[I]n no event shall a person charged be convicted upon his plea without sufficient evidence to support the same."); *see Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009); *cf Dinnery v. State*, 592 S.W.2d 343, 352-54 (Tex. Crim. App. 1980) (stating that if a defendant testifies that he has read the indictment and that it is "true and correct" or that the allegations in the indictment are "true and correct," this testimony constitutes a judicial admission of the offense charged, is sufficient to support a guilty plea and judgment, and meets the requirements of article 1.15 of the code of criminal procedure). When the defendant enters a guilty plea, there is no requirement

that the supporting evidence prove the defendant's guilt beyond a reasonable doubt. *Ex parte Martin*, 747 S.W.2d at 792; *Staggs v. State*, 314 S.W.3d 155, 159 (Tex. App.—Houston [1st Dist.] 2010, no pet.); *McGill v. State*, 200 S.W.3d 325, 330 (Tex. App.—Dallas 2006, no pet.). Rather, in reviewing the sufficiency of the State's evidence, we will affirm the trial court's judgment if the evidence embraces every essential element of the offense charged. *Stone v. State*, 919 S.W.2d 424, 427 (Tex. Crim. App. 1996). A judicial confession will suffice to support a guilty plea as long as the confession covers all of the elements of the charged offense. *Menefee*, 287 S.W.3d at 13. A conviction rendered without sufficient evidence to support a guilty plea constitutes trial error. *Id.* at 14.

As applied to pleas before the jury, the Texas Court of Criminal Appeals, in *Ex parte Williams*, stated that:

> In felony cases[,] a plea of guilty before the jury admits the existence of all necessary elements to establish guilt, and in such cases, the introduction of testimony by the State is to enable the jury to intelligently exercise the discretion which the law vests in them touching on the penalty to be assessed. In such cases[,] there is no question of the sufficiency of the evidence on appeal, or on collateral attack.

*Ex parte Williams*, 703 S.W.2d 674, 678 (Tex. Crim. App. 1986) (internal citations omitted); *see Renesto v. State*, 452 S.W.2d 498, 499 n.1 (Tex. Crim. App. 1970). The Texas Court of Criminal Appeals has also noted that "the provisions of Art. 1.15 are inapplicable when a plea of guilty is taken before a jury." *Ex parte Taylor*, 480 S.W.2d 692, 693 (Tex. Crim. App. 1972).

Here, after the jury was seated, the State read the indictment in open court, and Bailey pleaded guilty before the jury. On appeal, Bailey does not assert that his guilty plea was entered unknowingly, unintelligently, and involuntarily. *See Ex parte Martin*, 747 S.W.2d at 791. Therefore, because Bailey pleaded guilty to the charged offense before the jury, we conclude that Bailey admitted to the existence of all necessary elements to establish guilt. *See Ex parte Williams*, 703 S.W.2d at 678; *see also Renesto*, 452 S.W.2d at 499 n.1. As such, we hold that the provisions of article 1.15 of the code of criminal procedure are inapplicable in this case. *See Ex parte Williams*, 703 S.W.2d at 678; *Renesto*, 452 S.W.2d at 499 n.1.; *see also Ex parte Taylor*, 480 S.W.2d at 693. Accordingly, we overrule Bailey's first issue.

### III.    BAILEY'S FINE

In his second issue, Bailey complains about the $15,000 fine imposed in this case. Specifically, Bailey contends that he was egregiously harmed by the trial court's jury instructions, which authorized the imposition of a maximum $20,000 fine. He also argues that the jury's $15,000 fine is not authorized by law. The State concedes that the trial court erroneously instructed the jury as to the fine amount and that the $15,000 fine is not authorized by law.

In the present case, the trial court instructed the jury on section 481.134(c) of the health and safety code, even though Bailey was charged by indictment with violating section 481.134(b) of the same code. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.134(b)-(c). Section 481.134(c) allows for a $20,000 fine, whereas section 481.134(b) authorizes a fine corresponding to a second-degree felony—a maximum $10,000 fine. *See id.* §

481.134(b)-(c); *see also* TEX. PENAL CODE ANN. § 12.33(b) (West 2011) ("In addition to imprisonment, an individual adjudged guilty of a felony of the second degree may be punished by a fine not to exceed $10,000."). After receiving the trial court's instructions, the jury imposed a $15,000 fine. The jury's $15,000 fine exceeds the maximum allowed under section 481.134(b) of the health and safety code and section 12.33(b) of the penal code. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.134(b); *see also* TEX. PENAL CODE ANN. § 12.33(b).

When the jury assesses punishment in a case and, in the verdict, assesses both punishment that is authorized by law for the offense and punishment that is not authorized by law for the offense, the reviewing court shall reform the verdict to show the punishment authorized by law and to omit the punishment not authorized by law. TEX. CODE CRIM. PROC. ANN. art. 37.10(b) (West 2006). In reforming the jury's verdict, at least one Texas court has held that:

> We do not believe the legislature intended punishment, whether fine or imprisonment, should be reduced to nothing when the jury assessed punishment in excess of that allowed by law. The obvious intent of article 37.10(b) is to authorize the court to reduce the punishment to that which is allowed by law.

*Howard v. State*, 766 S.W.2d 907, 908 (Tex. App.—Fort Worth 1989, no pet.); *see Vance v. State*, 970 S.W.2d 130, 132 (Tex. App.—Dallas 1998, no pet.) (agreeing with the *Howard* court's analysis). We agree.

Therefore, based on the foregoing, we modify the trial court's judgment to reflect a fine that is allowable by law—a $10,000 fine. *See* TEX. CODE CRIM. PROC. ANN. art. 37.10(b); *see also Vance*, 970 S.W.2d at 132 (reducing a 730-day jail term to 365 days);

*Howard*, 766 S.W.2d at 908 (reducing a fine of $2,000 to $1,000). As such, we sustain Bailey's second issue.

## IV. CONCLUSION

Because the trial court's judgment includes a fine in excess of that allowed by law, we modify the judgment to reflect that which is allowable by law—a $10,000 fine. *See* TEX. CODE CRIM. PROC. ANN. art. 37.10(b); *see also Vance*, 970 S.W.2d at 132; *Howard*, 766 S.W.2d at 908. We affirm the judgment as modified.


AL SCOGGINS
Justice


Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed as modified
Opinion delivered and filed June 27, 2012
Do not publish
[CR25]