

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

Nos. 07-13-00389-CR & 07-13-00390-CR

REGINALD NIXON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 432nd District Court
Tarrant County, Texas
Trial Court Nos. 1264129D & 1264131D, Honorable Ruben Gonzalez, Jr., Presiding

June 4, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Reginald Nixon (appellant) appeals his convictions for burglary of a habitation and evading arrest or detention. Through a single issue, he contends that the trial court erred by failing to reform the jury's verdict when it contained a punishment not authorized by law. We affirm.

*Background*

Appellant pled guilty to both of the foregoing offenses in front of a jury. Each charge contained an enhancement paragraph to which appellant also pled true. After

hearing evidence and deliberating on the issue of punishment, the jury returned a verdict of nine years on the evading charge and seven years on the burglary. However, the jury attached a note at the bottom of each verdict stating: "To be served consecutively . . . not concurrently." The trial court recessed the jury and asked for both sides to comment.

The State argued that the verdict should not be received because it was premised on the sentences running consecutively and the law did not permit that they be so served. Appellant contended that the statement attached to the verdict was merely advisory and that the trial court need not follow it. He also moved to have it struck as surplusage. This led the State to request that an instruction be submitted to the jury on "[§] 3.02 [of the Texas Penal Code]." In turn, appellant moved for a mistrial, which motion the trial court denied.

Eventually, the trial court rejected the verdict and directed the jury to continue its deliberations. Over appellant's objection, it also instructed the jury as follows: "Members of the jury, you are further instructed that the Court cannot accept and receive your verdict as stated. You are instructed that the sentences in both causes must be served concurrently by operation of law. You are instructed to read and consider this additional instruction with the remainder of the Court's Charge and consider the Charge as a whole. Please continue with your deliberations." Upon further deliberation, the jury returned a verdict of sixteen years for both offenses.

*Issue—Unauthorized Punishment*

Appellant contends that the trial court erred by refusing to accept and reform the jury's verdict. We disagree.

2

Statute provides that "[i]f the jury assesses punishment . . . and in the verdict assesses both punishment that is authorized by law for the offense and punishment that is not authorized by law for the offense, the court shall reform the verdict to show the punishment authorized by law and to omit the punishment not authorized by law." TEX. CODE CRIM. PROC. ANN. art. 37.10(b) (West 2006). Yet, our Court of Criminal Appeals has also held that "[t]he court can instruct a jury to retire to reconsider the verdict if it does not comply with the charge, the indictment, *or the punishment allowed by the applicable statute.*" *Muniz v. State,* 573 S.W.2d 792, 794 (Tex. Crim. App. 1978) (emphasis added); *Loredo v. State*, 47 S.W.3d 55, 60 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd, untimely filed) (stating the same); *see also Mayes v. State*, No. 01-09-00118-CR, 2012 Tex. App. Lexis 5157, at *13 (Tex. App.—Houston [1st Dist.] June 28, 2012, pet. ref'd) (stating that "trial courts may instruct juries to conduct further deliberations in many circumstances, including, among others, when a jury returns conflicting verdict forms, a non-unanimous verdict, or an otherwise non-complying verdict").

Indeed, the jury in *Loredo* returned a verdict levying both a prison sentence of twenty years and recommending community supervision. Because statute did not permit a jury to recommend community supervision after levying such an extended prison term, the trial court directed the jury to continue deliberating. Before doing so, it also instructed the jurors that they could only recommend community supervision if the sentence was ten years or less. *Id.* at 58-59. That decision was upheld by the reviewing court despite appellant's contention that the trial court was obligated to reform the verdict under article 37.10 of the Code of Criminal Procedure.

3

Here, no one disputes that the punishment levied by the jury in its initial verdict was prohibited by law; the jury had no authority to direct that the sentences run consecutively. While the trial court may have had the authority to reform the verdict under article 37.10, it also had the authority to refuse the verdict and return the jury to its deliberations. We cannot fault the trial court for pursuing the latter course, given the holding in *Muniz*.

Accordingly, we affirm the judgments of the trial court.

Brian Quinn
Chief Justice

Do not publish.