PD-851-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 1/7/2015 10:55:28 PM
Accepted 1/8/2015 3:47:04 PM
ABEL ACOSTA
CLERK

**CAUSE NUMBERS PD-851-14 & PD-852-14**

## IN THE

# COURT OF CRIMINAL APPEALS

## OF TEXAS

***************

# REGINALD NIXON

Petitioner-Appellant,

v.

# THE STATE OF TEXAS

Respondent-Appellee.

***************

APPEAL ON PETITION FOR DISCRETIONARY REVIEW IN CAUSE
NUMBERS 07-13-389-CR AND 07-13-390-CR FROM THE SEVENTH
COURT OF APPEALS, AND IN CAUSE NUMBERS 1264129D AND
1264131D FROM THE 432nd DISTRICT COURT
OF TARRANT COUNTY

***************

# APPELLANT'S REPLY BRIEF

***************

John Bennett
P.O. Box 19144
Amarillo, TX 79114
Telephone: (806) 282-4455
Fax: (806) 398-1988
Email: AppealsAttorney@gmail.com
State Bar No. 00785691
Attorney *pro bono* for the Appellant

# TABLE OF CONTENTS

Index of Authorities ..................................................................................3

Reply to the Argument that a Cumulation Order is Not

Punishment (SB, p. 8-9) ...............................................................6

Reply to the Argument that the Plain Language of Art. 37.10(B)

would lead to Absurd Results (SB, p. 10-11).............................7

Reply to the Argument that "through Article 37.10(b) the Texas

Legislature Intended to Expand the Authority of the Appellate

Courts, Not to Diminish the Authority of the Trial Courts"

(SB, p. 12-15) .............................................................................11

Reply to the Argument that "Since the Enactment of Article 37.10(b),

the Courts Have Confirmed a Trial Court's Authority under

Article 37.10(a) to Reject an Unresponsive Verdict"

(SB, p. 16)...................................................................................13

Prayer .......................................................................................................15

Certificate of Compliance.........................................................................15

Certificate of Service ...............................................................................16

# INDEX OF AUTHORITIES

Cases

*Howard v. State*, 766 S.W.2d 907 (Tex.App. – Fort Worth 1989,

no pet) ..................................................................................................8

*Jennings v. State*, 302 S.W.3d 306 (Tex.Crim.App. 2010) ...............................13

*Loredo v. State*, 47 S.W.3d 55 (Tex.App. – Houston [14th Dist.]

2001, pet. ref'd, untimely filed)...............................................................14

*Luquis v. State*, 72 S.W.3d 355 (Tex.Crim.App. 2002)................................ 11-12

*Mahaffey v. State*, 364 S.W.3d 908 (Tex.Crim.App. 2012) ...............................12

*Mathis v. State*, 424 S.W.3d 89 (Tex.Crim.App. 2014) ....................................12

*McCoy v. State*, 126 S.W.2d 487 (Tex.Crim.App. 1939)...................................13

*Murray v. State*, 302 S.W.3d 874 (Tex.Crim.App. 2009) ...................................8

*Reese v. State*, 773 S.W.3d 314 (Tex.Crim.App. 1989) .............................. 13-14

*Rhodes v. State*, 240 S.W.3d 882 (Tex.Crim.App. 2007)...................................10

*Woodard v. State*, 898 S.W.2d 4 (Tex.App. – San Antonio 1995,

pet. ref.)..................................................................................................9

Statutes

TEX. CODE CRIM. PRO. ANN. Art. 37.01 (Vernon supp. 2013) ....................6

TEX. CODE CRIM. PRO. ANN. Art. 37.04 (Vernon supp. 2013) ....................7

TEX. CODE CRIM. PRO. ANN. Art. 37.10(a) (Vernon supp. 2013)......... 10-14

TEX. CODE CRIM. PRO. ANN. Art. 37.10(b) (Vernon supp. 2013)........... 6-14

TEX. CODE CRIM. PRO. ANN. Art. 44.01(b) (Vernon supp. 2013)...............10

TEX. PEN. CODE ANN. § 12.42(d) (Vernon supp. 2013) ..............................10

TEX. PEN. CODE ANN. § 12.34 (Vernon supp. 2013) ...................................10

Legislation

Texas Legislature, Acts 1985, 69 Leg., ch. 442, § 1, eff. June 11,

    1985 – SB 1349, "Bill Analysis"............................................................8

IN THE

# COURT OF CRIMINAL APPEALS

OF TEXAS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# REGINALD NIXON

Petitioner-Appellant,

v.

# THE STATE OF TEXAS

Respondent-Appellee.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL ON PETITION FOR DISCRETIONARY REVIEW IN CAUSE
NUMBERS 07-13-389-CR AND 07-13-390-CR FROM THE SEVENTH
COURT OF APPEALS, AND IN CAUSE NUMBERS 1264129D AND
1264131D FROM THE 432nd DISTRICT COURT
OF TARRANT COUNTY

\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# APPELLANT'S REPLY BRIEF

\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**To the Honorable Judges of the Court of Criminal Appeals:**

COMES NOW Reginald Nixon, Appellant, and submits this Reply Brief in support of his request for reformation of the judgments to reflect sentences of seven and nine years' imprisonment, respectively, or for remand to the court of appeals for new analysis.

## REPLY TO THE ARGUMENT THAT A CUMULATION
## ORDER IS NOT PUNISHMENT (SB, p. 8-9)

The State's Brief first argues that a cumulation order is not punishment. (State's Brief (SB), p. 8-9). This, says the State's Brief, removes TEX. CODE CRIM. PRO. ANN. Art. 37.10(b) (Vernon supp. 2013) from consideration, since the language of that provision operates only if the jury's verdict "assesses both punishment that is authorized by law for the offense and punishment that is not authorized by law for the offense." *Id*. Since the verdicts' cumulation language does not amount to punishment, the argument goes, Art. 37.10(b) cannot apply.

But *if* this line of reasoning is correct, the argument still does not help the State's case, because it proves *too much*. A verdict is "a written declaration by a jury of its decision *of the issue submitted to it* in the case." TEX. CODE CRIM. PRO. ANN. Art. 37.01 (Vernon supp. 2013) (emphasis added). If the State's Brief is correct that a cumulation order is *not* "punishment," then the cumulation language here forms no part of the true verdict; no issue regarding cumulation was submitted to the jury, so Art. 37.01 bars the decision from being considered as any part of the verdict. Under the State Brief's argument, then, the purported cumulation orders have no effect on the punishments *or* the sentences; the stacking language has no more significance than a note to the trial court saying the jury would like to be provided with extra mustard with a forthcoming lunch.

And the verdicts of terms of imprisonment were "in proper form," since they were within the statutory limits, and evidently "no juror dissent[ed] therefrom, and neither party request[ed] a poll of the jury." Thus "the verdict" should simply have been "entered upon the minutes of the court," TEX. CODE CRIM. PRO. ANN. Art. 37.04 (Vernon supp. 2013), without further ado. In short, under the State's Brief's argument, the trial court should simply have accepted the verdicts of seven and nine years' imprisonment, and the court of appeals should have reformed the judgments to reflect those terms.

## REPLY TO THE ARGUMENT THAT THE PLAIN LANGUAGE OF ART. 37.10(b) WOULD LEAD TO ABSURD RESULTS (SB, p. 10-11)

If the State Brief's contention that Art. 37.10(b) does not apply to the situation at hand, addressed above, then all else is moot.

But if not, the State's Brief next complains that under Art. 37.10(b), imposing the seven- and nine-year sentences in the original verdict forms would be an absurd result, since the defendant thereby would receive a "windfall" the jury did not intend. (SB, p. 10-11).

But on the contrary, the Legislature chose its words carefully when it enacted Art. 37.10(b), and did so for the express purpose of conserving judicial resources, *i.e.*, permitting trial and appellate courts to reform judgments so that

7

punishments would conform to the law. (See Appellant's Brief, p. 18-19 – Texas Legislature, Acts 1985, 69 Leg., ch. 442, § 1, eff. June 11, 1985 – SB 1349, "Bill Analysis"). Where juries contravene the instructions given them and try to impose unauthorized punishments – as here – under Art. 37.10(b) the courts must properly take it upon themselves to implement the proper portions of verdicts and disregard improper ones.

Moreover, statutory construction takes into account extratextual factors only where "the statutory language were ambiguous or the plain meaning of the language led to absurd results that the legislature *could not possibly have anticipated.*" *Murray v. State*, 302 S.W.3d 874, 881 (Tex.Crim.App. 2009) (emphasis added). Yet the State does not contend that Art. 37.10(b)'s language is ambiguous. And the Legislature *must* have anticipated the fact that Art. 37.10(b) would result in a "windfall" for one party or the other, since disregarding an unauthorized part of a verdict will *always* benefit either the State or the defendant, and its omission from the judgment can only disappoint the party that stood to benefit. The Legislature could not have overlooked the possibility that a defendant might get a windfall – as one court of appeals has noted, the "*obvious* intent of article 37.10(b) is to authorize the court to *reduce* the punishment to that which is allowed by law." *Howard v. State*, 766 S.W.2d 907, 908 (Tex.App. – Fort Worth 1989, no pet) (emphases added).

8

In *Woodard v. State*, 898 S.W.2d 4 (Tex.App. – San Antonio 1995, pet. ref.), noted in the Appellant's Brief (p. 25), the defendant was undoubtedly disadvantaged by the operation of Art. 37.10(b). Had the verdict's unauthorized portion been implemented, the defendant would have spent some of his sentence in a drug treatment facility instead of prison, which would have been infinitely more comfortable for him. See Appellant's Brief, p. 25. But since the jury had no authority to make such a qualification, the defendant was out of luck. And because the jury was nowhere told it *could* order drug treatment, neither the defendant there nor the appellant here – nor presumably the State as well – could plausibly claim that implementing Art. 37.10(b) leads to absurdity simply because the jury's mistake in the defendant's favor was properly corrected. Similarly, Art. 37.10(b) can hardly be said to have absurd consequences *simply* because here the appellant will benefit, rather than be harmed, by its plain language.

The State's Brief also posits a hypothetical situation in which the jury, instructed to return a punishment for a habitual felon, returns a verdict stating a 20-year prison term (which is below the statutory minimum) and a $25,000 fine. Under a strict interpretation of Art. 37.10(b), says the State's Brief, the proper result will be deletion of the invalid 20-year term, leaving the defendant with a mere fine, which would be absurd and therefore permit the courts to deviate

from the provision's plain language. (SB, p. 11-12). Incidentally, no fine *can* be imposed for a felony with two properly-sequenced final prior felonies – the only possible punishment is five to 99 years or life, with no fine. TEX. PEN. CODE ANN. § 12.42(d) (Vernon supp. 2013).

The State's Brief's example would be more plausible in positing, for example, a punishment verdict for a third-degree felony reciting a *one*-year term of imprisonment and a fine of $5,000. In this the fine would be authorized, but the prison term would not. TEX. PEN. CODE ANN. § 12.34 (Vernon supp. 2013). But close examination of § 12.34 reveals that this, too, is impossible. Art. 37.10(b), requiring *reformation* of partially unauthorized verdicts, still would not apply, since the resulting sentence would be *illegal* and *could not* properly be reformed; under § 12.34(a) the punishment *must* include a prison sentence; a fine is optional. *Id.* And when "only one of the sentencing elements is void, the judgment is rendered void only if the judgment cannot be reformed to cure the infirmity" – if "the infirmity cannot be cured without resort to resentencing." *Rhodes v. State*, 240 S.W.3d 882, 888 (Tex.Crim.App. 2007). The jury would *have* to deliberate further, or if the State appealed under TEX. CODE CRIM. PRO. ANN. Art. 44.01(b) (Vernon supp. 2013) ("The State is entitled to appeal a sentence in a case on the ground that the sentence is illegal"), a new sentencing hearing would be required. Again, then, no absurdity results.

**REPLY TO THE ARGUMENT THAT "THROUGH ARTICLE 37.10(b) THE TEXAS LEGISLATURE INTENDED TO EXPAND THE AUTHORITY OF THE APPELLATE COURTS, NOT TO DIMINISH THE AUTHORITY OF THE TRIAL COURTS" (SB, p. 12-15)**

Again, should the Court agree with the State's Brief's initial contention that a cumulation order is not punishment, then the cumulation language in the verdict forms is of no import whatever, and the judgments should be reformed to reflect the original verdicts of seven and nine years.

Otherwise, though, the State's Brief next contends that Art. 37.10(b) enlarges the appellate courts' power to reform judgments, but does not remove the trial courts' authority to order further deliberations under Art. 37.10(a). (SB, p. 12-15).

But the plain language of Art. 37.10(b) *does* so restrict the trial courts. Under Art. 37.10(*a*) the trial court retains the authority to reduce an *informal* verdict to proper form with the jury's consent and, failing that, to order the jury to deliberate further, unless the verdict returned is "manifestly … intended as an acquittal." Yet where the verdict is *not* informal but simply *partially authorized and partially not*, under Art. 37.10(*b*) the trial "court *shall* reform the verdict to show the punishment authorized by law and to omit the punishment not authorized by law." *Id*. "Use of the word 'shall' generally indicates a mandatory duty." *Luquis v. State*, 72 S.W.3d 355, 363 & n. 17 (Tex.Crim.App.

11

2002), quoted in *Mathis v. State*, 424 S.W.3d 89, 94, n. 15 (Tex.Crim.App. 2014). While Art. 37.10(b) indeed expands appellate courts' power to so reform verdicts, as the State's Brief argues, (SB, p. 12-15), a *trial* court's power to do anything other than accept the authorized part of a partially unauthorized verdict *is* restricted. And to permit the trial court to act under 37.10(*a*) when the situation at hand is addressed by 37.10(*b*) is to render the latter meaningless. As the appellant noted in his brief (p. 28), when interpreting statutes, courts "presume that the Legislature intended for the entire statutory scheme to be effective." *Mahaffey v. State*, 364 S.W.3d 908, 913 (Tex.Crim.App. 2012).

The mandatory language of Art. 37.10(b) also makes moot the State's Brief's further suggestion that the appellant "does not cite any authority supporting the idea that the trial court had a mandate to accept the informal, unresponsive verdict and apply article 37.10(b) rather than allowing the jury to correct its mistake under article 37.10(a)." (SB, p. 21). Art. 37.10(b) *is* specific authority requiring the trial court to accept, and disregard the cumulation language of, the initial verdicts the jury returned; it also constitutes explicit authority for reviewing courts to reform the judgments to reflect those initial verdicts. *Id*.

12

**REPLY TO THE ARGUMENT THAT "SINCE THE ENACTMENT OF ARTICLE 37.10(b), THE COURTS HAVE CONFIRMED A TRIAL COURT'S AUTHORITY UNDER ARTICLE 37.10(a) TO REJECT AN UNRESPONSIVE VERDICT" (SB, p. 16)**

The State's Brief further argues that an unresponsive verdict should not be received by a trial court. (SB, p. 15-16). In this the State's Brief quotes a very old case, *McCoy v. State*, 126 S.W.2d 487 (Tex.Crim.App. 1939), long predating Art. 37.10(b), to conclude that a "verdict is unresponsive when it addresses an issue not submitted to the jury," *id*. at 487-8, thus implying that the verdicts here are *also* unresponsive. (SB, p. 16). But the modern understanding is that an "informal verdict" is one that "requires *correction*" in order to put it into the "proper form," and thus is controlled by Art. 37.10(a). *Jennings v. State*, 302 S.W.3d 306, 310 (Tex.Crim.App. 2010) (emphasis added).

The State's Brief then attempts to apply *Reese v. State*, 773 S.W.3d 314 (Tex.Crim.App. 1989) (SB, p. 16), which utilizes Art. 37.10(a) to the situation here. In this the State's Brief overlooks the facts of *Reese*, in which a *truly* unresponsive verdict was reached; the discrepancy in *Reese* was not that the jury answered a question not put to it. Instead the jury's initial "verdict did not address one of the offenses contained in the trial court's charge," and after further deliberations the second verdicts were found to be "conflicting and insufficient," requiring even more deliberation. *Reese*, 773 S.W.2d at 316-7.

(SB, p. 16). In these circumstances, "the trial court not only had the power to send the jury back for further deliberations but it was his duty to do so." *Id*. at 317-8. The Court did not specifically cite Art. 37.10(*a*), but the provision's applicability is clear – the verdicts in *Reese* were not in "the proper form," *id*. at 317, Art. 37.10(a), since initially one offense was not even addressed and the second verdicts were again "insufficient," as well as "conflicting." *Id*. at 316.

But the verdicts here were very different. They were neither insufficient *nor* conflicting, and thus were not "unresponsive" in the sense *Reese* envisioned. Instead, if the State's Brief's initial argument is incorrect and the cumulation language in them is to be given *any* effect, then since the verdicts of terms of imprisonment were within the proper, legal range, the verdicts were partly authorized, and since no jury can cumulate sentences, they *were* partly *un*authorized. This is the precise situation that Art. 37.10(b) was enacted to address.

In all other respects, including the State Brief's argument regarding *Loredo v. State*, 47 S.W.3d 55 (Tex.App. – Houston [14th Dist.] 2001, pet. ref'd, untimely filed), (SB, p. 19-20), the appellant respectfully refers the court to the arguments in his opening brief.

## PRAYER FOR RELIEF

Again, therefore, the appellant prays the Court reinstate the original verdicts of seven and nine years' imprisonment, or remand the matter to the court of appeals for new analysis, or grant all relief the Court may deem appropriate.

Respectfully submitted,

/s/ JOHN BENNETT
John Bennett
Post Office Box 19144
Amarillo, Texas 79114
Telephone: (806) 282-4455
Fax: (806) 398-1988
Email: AppealsAttorney@gmail.com
State Bar No. 00785691
Attorney *pro bono* for the Appellant

## CERTIFICATE OF COMPLIANCE

I hereby certify that this entire brief contains 2,790 words.

/s/ JOHN BENNETT
John Bennett

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above Appellant's Brief has been served by the efile Texas system on John E. Meskunas, Esq., Assistant Criminal District Attorney for Tarrant County, and by email to him at ccaappellatealerts@tarrantcounty.com, and on Lisa McMinn, Esq., State Prosecuting Attorney, and by email to her at lisa.mcminn@spa.texas.gov, both on January 8, 2015.

/s/ JOHN BENNETT
John Bennett
