

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-16-00829-CR

Shannon Lee **PARKER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 216th Judicial District Court, Kerr County, Texas
Trial Court No. A12675
Honorable N. Keith Williams, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:       Marialyn Barnard, Justice
               Rebeca C. Martinez, Justice
               Irene Rios, Justice

Delivered and Filed:  November 1, 2017

AFFIRMED AS REFORMED

A jury found appellant, Shannon Lee Parker, guilty of possession of a controlled substance in an amount of less than one gram while in a drug free zone.  The trial court assessed punishment at ten years' confinement, plus a fine.  Following the jury's recommendation on community supervision, the trial court suspended Parker's sentence and placed her on ten years' community supervision.  We reform the trial court's judgment to properly assess the term of Parker's community supervision at five years, and we affirm the judgment as reformed.

**DISCUSSION**

We first note appellant is pro se on appeal and she did not file an appellate brief despite being given the opportunity to do so. After this court remanded the cause to the trial court, the trial court found Parker was not indigent, there was no material change in her financial circumstances to warrant appointed appellate counsel, and she was not entitled to a free record on appeal. *See* TEX. R. APP. P. 38.8(b)(2),(3) (stating findings to be made by trial court when appellant fails to file a brief in a criminal case). Under these circumstances, we may consider the appeal without briefs pursuant to Texas Rule of Appellate Procedure 38.8(b)(4). TEX. R. APP. P. 38.8(b)(4) (when no appellant's brief is filed and trial court determines appellant is not indigent but has not made necessary arrangements for filing a brief, "appellate court may consider the appeal without briefs, as justice may require"). We reviewed the clerk's record[1] and find no unassigned reversible error with regard to the jury's guilty verdict.

However, the State filed an appellate brief in which the State asserts, and we agree, that the ten-year term of Parker's community supervision exceeds the maximum term allowed by law. Parker was found guilty of possessing methamphetamine in an amount of less than one gram while in a drug-free zone (within 1,000 feet of a middle school). Ordinarily, possession of less than one gram of a controlled substance is a state jail felony. TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2017). However, because Parker possessed the controlled substance in a drug-free zone, the offense became a third degree felony. *See id.* § 481.134(d)(1) (West 2017). The range of punishment for a third degree felony is not more than ten years or less than two years, and, in addition to imprisonment, may include a fine not to exceed $10,000. TEX. PEN. CODE ANN.

---

[1] No reporter's record was filed in this appeal. Parker did not respond to this court's order that she provide written proof that she had designated and paid for a reporter's record. *See* TEX. R. APP. P. 37.3(c) (allowing appellate court to "consider and decide those issues or points that do not require a reporter's record for a decision").

§ 12.34 (West 2011). The maximum period of community supervision for a third degree felony under Health and Safety Code Chapter 481 is five years. TEX. CRIM. PROC. CODE ANN. art. 42.12 § 3(b)(2)(B); § 4(b).[2]

"If the jury assesses punishment in a case and in the verdict assesses both punishment that is authorized by law for the offense and punishment that is not authorized by law for the offense, the court shall reform the verdict to show the punishment authorized by law and to omit the punishment not authorized by law." TEX. CRIM. PROC. CODE ANN. § 37.10(b) (West 2006). "If the trial court is required to reform a verdict under this subsection and fails to do so, the appellate court shall reform the verdict as provided by this subsection." *Id.*; *see Loredo v. State*, 47 S.W.3d 55, 59 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd, untimely filed) ("This article has, in fact, been used by courts to reform punishment down to an authorized term when the assessed punishment exceeded the maximum allowed by law.").

In this case, the trial court's judgment incorrectly states the court assessed punishment. Instead, the jury returned a verdict correctly assessing punishment at ten years' confinement, plus a fine. *See* TEX. PEN. CODE § 12.34. However, the jury's verdict also incorrectly recommended community supervision for ten years. Therefore, the jury assessed both punishment that is authorized by law for the offense and punishment that is not authorized by law for the offense. The trial court did not reform the verdict; therefore, we may do so. *See* TEX. CRIM. PROC. CODE § 37.10(b); *see also Nixon v. State*, 483 S.W.3d 562, 569-70 (Tex. Crim. App. 2016) (reforming judgment to reflect sentences run concurrently and not consecutively); *Howard v. State*, 766 S.W.2d 907, 908 (Tex. App.—Fort Worth 1989, no pet.) ("We do not believe the legislature

---

[2] Repealed by Acts 2015, 84th Leg., Ch. 770 (H.B. 2299), § 3.01, eff. Jan. 1, 2017; Acts 2017, 85th Leg., Ch. 324 (S.B. 1488), §§ 23.012(d), 23.013(d), 23.014(b), 23.015(b), 23.016(h), 23.017(b), 23.018(b), 23.019(b), 23.020(b), 23.021(b), eff. Sept. 1, 2017. Parker's case was tried in 2016; therefore, the 2017 recodification of Article 42.12 does not apply to her case.

intended punishment, whether fine or imprisonment, should be reduced to nothing when the jury assessed punishment in excess of that allowed by law. The obvious intent of article 37.10(b) is to authorize the court to reduce the punishment to that which is allowed by law.").

## CONCLUSION

Pursuant to Article 37.10(b), we reform the judgment to place Parker on community supervision for a period of five years. We also reform the judgment to indicate punishment was assessed by the jury. We affirm the trial court's judgment as reformed.

Irene Rios, Justice

Do not publish